✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ Southern _____ District of _____ New York _____

Evart Enterprises, Inc.,

**SUMMONS IN A CIVIL ACTION**

V.

GENTLEMEN'S VIDEO, INC., MICHAEL
ESPOSITO, individually and in his corporate
capacity, and SCOTT ESPOSITO, individually and
in his corporate capacity,

CASE NUMBER:

07 CV 5441

TO: (Name and address of Defendant)

GENTLEMEN'S VIDEO, INC.: 21638 Lassen St., Chatsworth, California 91311; MICHAEL ESPOSITO:, 11618 Killmore Ave,
Northridge, CA 91326; SCOTT ESPOSITO:  18552 Clark Street Apartment 17, Tarzana, CA 91356

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    H. Nicholas Goodman, Esq.
    Quirk & Bakalor, P.C.
    845 3rd Avenue
    New York, New York 10022

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

JUN 07 2007

_____
CLERK

_____
(By) DEPUTY CLERK

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                         Date                               *Signature of Server*


                                                       _____
                                                        *Address of Server*

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

EVART ENTERPRISES, INC.,

                Plaintiff,

         -versus-

GENTLEMEN'S VIDEO, INC., MICHAEL
ESPOSITO, individually and in his corporate
capacity, and SCOTT ESPOSITO, individually and
in his corporate capacity,

                Defendants.

-------------------------------------------------------------------x

**COMPLAINT**

Jury Trial
Demanded

07 CV 5441

     Plaintiff, EVART ENTERPRISES, INC., by its attorneys Quirk and Bakalor, P.C., for its Complaint against GENTLEMEN'S VIDEO, INC., MICHAEL ESPOSITO, individually and in his corporate capacity, and SCOTT ESPOSITO, individually and in his corporate capacity, states as follows:

     1.     This action arises under the copyright laws of the United States (Title 17, United States Code). Jurisdiction is conferred upon this Court by 28 U.S.C. § 1338(a). Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claims arose in this District.

     2.     Plaintiff, EVART ENTERPRISES, INC. (hereinafter "EVART,") is a corporation duly incorporated in and existing and operating under the laws of the State of New York. EVART is wholly owned by an individual. EVART owns certain exclusive rights in and to numerous motion pictures in the United States of America.

     3.     Distribpix, Inc. (hereinafter "Distribpix") is a corporation duly incorporated in and existing and operating under the laws of the State of New York.

Distribpix is and was at all times relevant herein wholly owned by the same individual who owns EVART and operated as a sister company to EVART. At all times relevant herein, Distribpix entered into certain license and purchase agreements concerning motion pictures.

4.      At all times relevant herein, GENTLEMEN'S VIDEO, INC., sometimes known as and/or doing business as "Gents" (hereinafter "GENTS") was and is a California corporation, existing under and by virtue of the laws of the State of California with a principal place of business located at 21638 Lassen Street, Chatsworth, California 91311.

5.      At all times relevant herein, GENTS was and is in the business of creating, marketing, distributing, selling and/or licensing motion pictures fixed on digital versatile discs (also known as "digital video discs" and hereinafter referred to as "DVDs") and/or through services that make motion pictures available for download via the internet also sometimes referred to as a "content delivery services" or "internet based subscription video services" and also commonly known as "video on demand services" (hereinafter "VOD services").

6.      At all times relevant herein, GENTS transacted business within the State of New York.

7.      At all times relevant herein, GENTS contracted to supply goods or services in the State of New York.

8.      At all times relevant herein, GENTS regularly did or solicited business, or engaged in a persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered, in the State of New York.

9.     At all times relevant herein, GENTS expected or should reasonably have expected its acts to have consequences in the State of New York.

10.     At all times relevant herein, GENTS derived substantial revenue from interstate or international commerce.

11.     Upon information and belief, at all times relevant herein, MICHAEL ESPOSITO was and is an owner, corporate officer and/or director of GENTS.

12.     At all times relevant herein, MICHAEL ESPOSITO expected or should reasonably have expected his acts on behalf of GENTS to have consequences in the State of New York.

13.     Upon information and belief, at all times relevant herein, defendant SCOTT ESPOSITO, was and is an owner, corporate officer and/or a director of GENTS.

14.     At all times relevant herein, SCOTT ESPOSITO expected or should reasonably have expected his acts on behalf of GENTS to have consequences in the State of New York.

15.     Upon information and belief, at all times relevant herein, SCOTT ESPOSITO derived substantial revenue from interstate or international commerce.

16.     Upon information and belief, at all times relevant herein, MICHAEL ESPOSITO derived substantial revenue from interstate or international commerce.

**PLAINTIFF'S MOTION PICTURES**

"A Scent of Heather"

17.     In or about 1980, Atlas Films, Inc. ("Atlas") completed production of a full length motion picture entitled "A Scent of Heather" starring Veronica Hart.

3

18.    "A Scent of Heather" was first shown in theatres on or about December 3, 1980, and thereafter enjoyed great commercial success.

19.    Thereafter, EVART, through Distribpix, acquired from Atlas the exclusive rights to produce, reproduce and distribute "A Scent of Heather" in the United States of America by means of videocassettes, video discs and other similar means of production then known or to be known, in perpetuity.

20.    The copyright for "A Scent of Heather" was duly registered with the United States Copyright Office which issued Certificate of Copyright Registration PA 153-829, effective date November 12, 1982.  A copy of that Certificate of Copyright Registration is annexed hereto as Exhibit "A."

21.    In or about 1986, EVART released "A Scent of Heather" in VHS format in the United States of America.  Both the VHS version of "A Scent of Heather" and the packaging in which that version was sold bore EVART copyright notices.

22.    In or about June 2003, EVART's licensee released a digitally re-mastered version of "A Scent of Heather" in DVD format.  Both the DVD version of "A Scent of Heather" and the packaging in which it was sold bore EVART copyright notices.

23.    The DVD release of "A Scent of Heather" enjoyed great commercial success and was and is currently is being offered for sale and sold by EVART's licensee and by many authorized vendors.

24.    "A Scent of Heather" has also been licensed to third-parties who have made "A Scent of Heather" available to the public through VOD services.

25.    EVART and its licensee have complied in all respects with all statutory formalities of the Copyright Act and have maintained the exclusive rights and privileges granted to EVART in and to the copyright of "A Scent of Heather."

26.    EVART is the sole and exclusive proprietor of the production, reproduction and distribution rights in all home video formats in the United States of America for "A Scent of Heather."

"That Lucky Stiff"

27.    In or about 1981, Mature Pictures Corp. ("Mature") completed production of a full length motion picture entitled "That Lucky Stiff" directed by Chuck Vincent and starring Samantha Fox.

28.    "That Lucky Stiff" was first shown in theatres on April 1, 1981, and thereafter enjoyed great commercial success.

29.    Thereafter, EVART, through Distribpix, acquired from Mature the exclusive rights to produce, reproduce and distribute "That Lucky Stiff" in the United States of America by means of videocassettes, video discs and other similar means of production then known or to be known, in perpetuity.

30.    The copyright for "That Lucky Stiff" was duly registered with the United States Copyright Office which issued Certificate of Copyright Registration PA 102-588, effective date April 14, 1981. A copy of that Certificate of Copyright Registration is annexed hereto as Exhibit "B."

31.    In or about 1987, EVART released "That Lucky Stiff" in VHS format in the United States of America. Both the VHS version of "That Lucky Stiff" and the packaging in which that version was sold bore EVART copyright notices.

5

32.    In or about September 2005, EVART's licensee released a digitally re-mastered version of "That Lucky Stiff" in DVD format.  Both the DVD version of "That Lucky Stiff" and the packaging in which it was sold bore EVART copyright notices.

33.    The DVD release of "That Lucky Stiff" enjoyed great commercial success and was and is currently is being offered for sale and sold by EVART's licensee and by many authorized vendors.

34.    "That Lucky Stiff" has also been licensed to third-parties who have made "That Lucky Stiff" available to the public through VOD services.

35.    EVART and its licensee have complied in all respects with all statutory formalities of the Copyright Act and have maintained the exclusive rights and privileges granted to EVART in and to the copyright of "That Lucky Stiff."

36.    EVART is the sole and exclusive proprietor of the production, reproduction and distribution rights in all home video formats in the United States of America for "That Lucky Stiff."

### THE PRIOR LITIGATION

37.    In 2006, EVART discovered that GENTS was offering for sale and selling two motion pictures entitled "The Golden Age of Porn:  Annie Sprinkles Volume 1" and "The Golden Age of Porn:  Annie Sprinkles Volume 2," both of which contained unaltered footage from EVART's copyrighted motion picture "Deep Inside Annie Sprinkle."

38.    After GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO ignored numerous warnings concerning these infringements made over a period of many months, EVART commenced suit against GENTS, MICHAEL ESPOSITO and SCOTT

ESPOSITO by filing a Summons and Complaint dated November 14, 2006, in this Court, and subsequently serving same on GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO, under the caption Evart v. Gentlemen's Video, [et al], 06 CV 13207 (DLC).

39.    Settlement discussions ensued immediately thereafter and EVART and GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO entered a Settlement Agreement dated January 30, 2007, that provided, among other things, for this Court to execute a Consent Order and Permanent Injunction.

40.    The Honorable Denise Cote signed the Consent Order and Permanent Injunction on February 14, 2007.

41.    Pursuant to the Consent Order and Permanent Injunction, GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO were permanently enjoined and restrained from "infringing EVART's exclusive rights under copyright in any motion picture duly copyrighted by Plaintiff or for which EVART owns exclusive distribution rights …"

## DEFENDANTS' INFRINGING MOTION PICTURES

"The Golden Age of Porn: Veronica Hart"

42.    In 2006, GENTS began to offer for sale and sell a compilation of motion picture footage in DVD format entitled "The Golden Age of Porn: Veronica Hart" (hereinafter "GENTS' Veronica Hart").

43.    GENTS' Veronica Hart contains at least twenty-three minutes of unaltered footage from the copyrighted motion picture "A Scent of Heather" to which EVART owns all relevant exclusive rights.

7

44.    GENTS offered for sale and sold GENTS' Veronica Hart in packaging bearing the following copyright notice "© 2004 GENTLEMEN'S VIDEO All Rights Reserved."

45.    The footage contained on the GENTS' Veronica Hart DVD bears the following copyright notice "copyright G.V. 2004."

46.    GENTS offered for sale and sold GENTS' Veronica Hart through the end of March 2007, including a period of more than one month after this Court executed the aforementioned Consent Order and Permanent Injunction.

47.    Upon information and belief, MICHAEL ESPOSITO personally produced and/or participated in the production of and/or authorized the production and/or release of GENTS' Veronica Hart.

48.    Upon information and belief, SCOTT ESPOSITO personally produced and/or participated in the production of and/or authorized the production and/or release of GENTS' Veronica Hart.

49.    Upon information and belief, GENTS placed its aforementioned copyright notices on GENTS' Veronica Hart Pictures knowing that same were false and GENTS offered for sale and sold GENTS' Veronica Hart with those false copyright notices in apparent violation of 17 U.S.C. § 506(c).

"The Golden Age of Porn: Samantha Fox"

50.    In 2007, after EVART had commenced the aforementioned action against GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO, and after GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO had signed the aforementioned January 30, 2007, Settlement Agreement, GENTS began to offer for sale and sell in DVD format a

8

compilation of motion picture footage entitled "The Golden Age of Porn: Samantha Fox" (hereinafter "GENTS' Samantha Fox").

51.    GENTS' Samantha Fox contains approximately sixteen and a half minutes of unaltered footage from the copyrighted motion picture "That Lucky Stiff" to which EVART owns all relevant exclusive rights.

52.    The EVART footage contained in GENTS' Samantha Fox bears a "watermark" reading "ABA." Upon information and belief, "ABA" stands for Alpha Blue Archives, a self-styled seller of vintage adult video. EVART has demanded that Alpha Blue Archives cease and desist from numerous copyright infringements, including Alpha Blue Archive's infringement of EVART's rights in and to "That Lucky Stiff."

53.    GENTS offered for sale and sold GENTS' Samantha Fox in packaging bearing the following copyright notice: "© 2007 GENTLEMEN'S VIDEO All Rights Reserved."

54.    The discs containing the footage of GENTS' Samantha Fox DVD bear the following copyright notice: "© 2007 GENTLEMEN'S VIDEO All Rights Reserved."

55.    The footage contained on the GENTS' Samantha Fox DVD bears the following copyright notice: "copyright G.V. 2004."

56.    GENTS continued to offer for sale and sell GENTS' Samantha Fox through the end of March 2007, more than one month after this Court So Ordered the aforementioned Consent Order and Permanent Injunction.

57.    Upon information and belief, MICHAEL ESPOSITO personally produced and/or participated in the production of and/or authorized the production and/or release of GENTS' Samantha Fox.

9

58.    Upon information and belief, SCOTT ESPOSITO personally produced and/or participated in the production of and/or authorized the production and/or release of GENTS' Samantha Fox.

59.    Upon information and belief, GENTS placed its aforementioned copyright notices on GENTS' Samantha Fox knowing that same were false and GENTS offered for sale and sold GENTS' Samantha Fox with those false copyright notices in apparent violation of 17 U.S.C. § 506(c).

60.    EVART did not authorize GENTS to copy "A Scent of Heather" or "That Lucky Stiff" or to offer for sale or to sell, distribute and/or license copies or portions of those motion pictures.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## GENTS, SCOTT ESPOSITO and MICHAEL ESPOSITO

61.    EVART repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "60" inclusive, with the same force and effect as though fully set forth at length herein.

62.    By all of their acts with respect to "A Scent of Heather," including the unauthorized copying thereof as set forth in detail above, GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO have violated and continue to violate the Copyright Act, 17 U.S.C. 101, *et seq.*

63.    The infringing acts of GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO were knowing and willful, given that those infringing acts began and/or continued after GENTS entered into the aforementioned Settlement Agreement and this Court executed the aforementioned Consent Order and Permanent Injunction, among other reasons.

10

64. By reason of the infringing activities of GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO, EVART has sustained and will continue to sustain substantial injury and loss, and damage to its rights under copyright.

65. Unless temporarily, preliminarily and permanently enjoined by order of this Court, GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO will continue to infringe said copyrights, all to plaintiff's irreparable injury. EVART has no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST GENTS, SCOTT ESPOSITO and MICHAEL ESPOSITO

66. EVART repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "65" inclusive, with the same force and effect as though fully set forth at length herein.

67. By all of their acts with respect to "That Lucky Stiff," including the unauthorized copying thereof as set forth in detail above, GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO have violated and continue to violate the Copyright Act, 17 U.S.C. 101, *et seq.*

68. The infringing acts of GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO were knowing and willful, given that those infringing acts began and/or continued after GENTS entered into the aforementioned Settlement Agreement and this Court executed the aforementioned Consent Order and Permanent Injunction, among other reasons.

69. The infringing acts of GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO with respect to GENTS' Samantha Fox were knowing and willful, given that

GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO utilized EVART footage bearing the watermark of a third-party, Alpha Blue Archives, among other reasons.

70.    By reason of the infringing activities of GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO, EVART has sustained and will continue to sustain substantial injury and loss, and damage to its rights under copyright.

71.    Unless temporarily, preliminarily and permanently enjoined by order of this Court, GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO will continue to infringe said copyrights, all to plaintiff's irreparable injury.  EVART has no adequate remedy at law.

**WHEREFORE, Plaintiff EVART ENTERPRISES, INC. prays for judgment as follows:**

1.    That GENTLEMEN'S VIDEO, INC., MICHAEL ESPOSITO and SCOTT ESPOSITO each be permanently enjoined from:

(a)    duplicating, reproducing, manufacturing, copying or making available for VOD Services any part of the motion pictures "A Scent of Heather" and "That Lucky Stiff," or any other motion picture for which EVART is the copyright registrant or assignee, or for which EVART owns any exclusive rights for home video or VOD production, distribution or sale;

(b)    renting, selling, lending, exchanging, trading, distributing or licensing any unauthorized videocassette, laser disc, video compact disc and DVD, or other unauthorized copy of "A Scent of Heather" and "That Lucky Stiff," or any portion thereof, in any medium, including, but not limited to, VOD Services, or any other motion

picture for which EVART is the copyright registrant or assignee, or for which EVART owns any exclusive rights for home video or VOD production, distribution or sale;

(c)    offering to do any of the acts enjoined in subparagraphs "(a)" and "(b)" above; and

(d)    from infringing, or contributing to or participating in the infringement by others, the copyrights in "A Scent of Heather" and "That Lucky Stiff," or any other motion picture that EVART owns exclusive rights in or to, and from acting in concert with, aiding or abetting others to infringe any such motion pictures in any way.

2.    That each Defendant be required to deliver upon oath, to be impounded during the pendency of this action, all negatives, positive film prints, transcriptions, recordings, video masters or videocassettes, laser discs, video compact discs digital video discs film and video copying machines, held for delivery or under their control, under whatever name as may have been affixed thereto, as are herein alleged to infringe or to have been used to infringe any of the copyrights aforesaid; and that Orders of Seizure in respect of the foregoing be issued out of this Court in the manner provided by the Copyright Act, and the Federal Rules of Civil Procedure; and that at the conclusion of this action, the Court shall order all such material so held to be surrendered to plaintiff or to be destroyed under a Writ of Destruction issued under 17 U.S.C. § 503, whichever shall seem to this Court to be most just and proper;

3.    That, with respect to the First Cause of Action:

(a)    defendant, GENTS, be required to pay to EVART statutory damages of up to $30,000.00 for each infringement for a total of up to $60,000.00, and that if the Court finds that any such infringement was committed willfully, GENTS be

required to pay to EVART statutory damages of up to $150,000.00 for each willful infringement, for a total of up to $300,000.00;

        (b)      defendant MICHAEL ESPOSITO be required to pay to EVART statutory damages of up to $30,000.00 for each infringement for a total of up to $60,000.00, and that if the Court finds that any such infringement was committed willfully MICHAEL ESPOSITO be required to pay to EVART statutory damages of up to $150,000.00 for each willful infringement, for a total of up to $300,000.00;

        (c)      defendant SCOTT ESPOSITO be required to pay to Plaintiff statutory damages of up to $30,000.00 for each infringement for a total of up to $60,000.00, and that if the Court finds that any such infringement was committed willfully SCOTT ESPOSITO be required to pay to EVART statutory damages of up to $150,000.00 for each willful infringement, for a total of up to $300,000.00;

        3.      That EVART recover the profits that each Defendant realized from that Defendant's activities with respect to "A Scent of Heather" and "That Lucky Stiff."

        4.      That EVART recover all of its costs, disbursements and attorneys' fees herein; and

        5.      That EVART have such other and further relief as this Court deems just and proper.

Dated:  New York, New York
       June 7, 2007

Yours, etc.

QUIRK AND BAKALOR, P.C.

BY: _H. Nicholas Goodman_

H. NICHOLAS GOODMAN (HG7446)
Attorneys for Plaintiff
EVART ENTERPRISES, INC.,
845 Third Avenue
New York, New York 10022
(212) 319-1000

TO:    GENTLEMEN'S VIDEO, INC.
       21638 Lassen Street
       Chatsworth, California 91311
       (818) 700-7785

       MICHAEL ESPOSITO
       11618 Killmore Avenue
       Northridge, California 91326
       (818) 368-2790

       SCOTT ESPOSITO
       18552 Clark Street, Apartment 17
       Tarzana, California 91356
       (818) 705-5702

EXHIBIT A

# CERTIFICATE OF COPYRIGHT REGISTRATION

# FORM PA

UNITED STATES COPYRIGHT OFFICE

This certificate, issued under the seal of the Copyright Office in accordance with the provisions of section 410(a) of title 17, United States Code, attests that copyright registration has been made for the work identified below. The information in this certificate has been made a part of the Copyright Office records.

*David Ladd*

**REGISTER OF COPYRIGHTS**
*United States of America*

**REGISTRATION NUMBER**

PA
PA
PAU

**153-829**

**EFFECTIVE DATE OF REGISTRATION**

Nov 12 82

(Month) (Day) (Year)

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE CONTINUATION SHEET (FORM PA/CON)**

## 1 Title

**TITLE OF THIS WORK:** A SCENT OF HEATHER

**NATURE OF THIS WORK:** (See instructions)

Audiovisual Work
(Running Time-99 Mins.)

**PREVIOUS OR ALTERNATIVE TITLES:**

## 2 Author(s)

**IMPORTANT:** Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). If any part of this work was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates blank.

**1**

**NAME OF AUTHOR:** ATLAS FILMS INC. whose pseudonym is PRAEXIS PRODUCTIONS

**DATES OF BIRTH AND DEATH:**
Born .......... Died .........
(Year) (Year)

Was this author's contribution to the work a "work made for hire"? Yes.. X.. No....

**AUTHOR'S NATIONALITY OR DOMICILE:**
Citizen of .................. } or { Domiciled in U.S. of A. ...
(Name of Country) (Name of Country)

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:**
Anonymous? Yes ...... No X
Pseudonymous? Yes .X.. No ......
If the answer to either of these questions is "Yes," see detailed instructions attached.

**AUTHOR OF:** (Briefly describe nature of this author's contribution)
Entire copyrightable content.

**2**

**NAME OF AUTHOR:**

**DATES OF BIRTH AND DEATH:**
Born .......... Died .........
(Year) (Year)

Was this author's contribution to the work a "work made for hire"? Yes...... No......

**AUTHOR'S NATIONALITY OR DOMICILE:**
Citizen of .................. } or { Domiciled in .................
(Name of Country) (Name of Country)

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:**
Anonymous? Yes ...... No ......
Pseudonymous? Yes ...... No ......
If the answer to either of these questions is "Yes," see detailed instructions attached.

**AUTHOR OF:** (Briefly describe nature of this author's contribution)

**3**

**NAME OF AUTHOR:**

**DATES OF BIRTH AND DEATH:**
Born .......... Died .........
(Year) (Year)

Was this author's contribution to the work a "work made for hire"? Yes...... No......

**AUTHOR'S NATIONALITY OR DOMICILE:**
Citizen of .................. } or { Domiciled in .................
(Name of Country) (Name of Country)

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:**
Anonymous? Yes ...... No ......
Pseudonymous? Yes ...... No ......
If the answer to either of these questions is "Yes," see detailed instructions attached.

**AUTHOR OF:** (Briefly describe nature of this author's contribution)

## 3 Creation and Publication

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED:**

Year 1980
(This information must be given in all cases.)

**DATE AND NATION OF FIRST PUBLICATION:**
Date December 3, 1980
(Month) (Day) (Year)
Nation United States of America
(Name of Country)
(Complete this block ONLY if this work has been published.)

## 4 Claimant(s)

**NAME(S) AND ADDRESS(ES) OF COPYRIGHT CLAIMANT(S):**
PRAEXIS PRODUCTIONS, Generally Known Alternate Known Designation For ATLAS FILMS INC.
738 Eighth Avenue
New York, New York 10036

**TRANSFER:** (If the copyright claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.)

---

- *Complete all applicable spaces (numbers 5-9) on the reverse side of this page*
- *Follow detailed instructions attached* • *Sign the form at line 8*

DO NOT WRITE HERE
Page 1 of ___ pages

EXAMINED BY:

CHECKED BY:

CORRESPONDENCE:
☐ Yes

DEPOSIT ACCOUNT
FUNDS USED:
☐

APPLICATION RECEIVED:
12 NOV 1982

DEPOSIT RECEIVED:
12 NOV 1982

REMITTANCE NUMBER AND DATE:
43001

PA 1    153-829

FOR
COPYRIGHT
OFFICE
USE

U.S. SPECIAL

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED ADDITIONAL SPACE, USE CONTINUATION SHEET (FORM PA/CON)**

**PREVIOUS REGISTRATION:**

- Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?  Yes . . . . . . . . No  X . . . . . .

- If your answer is "Yes," why is another registration being sought?  (Check appropriate box)

  ☐ This is the first published edition of a work previously registered in unpublished form.
  ☐ This is the first application submitted by this author as copyright claimant.
  ☐ This is a changed version of the work, as shown by line 6 of the application.

- If your answer is "Yes," give:  Previous Registration Number . . . . . . . . . . . . . . . . . . . Year of Registration . . . . . . . . . . . .

**⑤**
Previous
Registra-
tion

---

**COMPILATION OR DERIVATIVE WORK:** (See instructions)

PREEXISTING MATERIAL: (Identify any preexisting work or works that the work is based on or incorporates.)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

MATERIAL ADDED TO THIS WORK: (Give a brief, general statement of the material that has been added to this work and in which copyright is claimed.)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**⑥**
Compila-
tion
or
Derivative
Work

---

**DEPOSIT ACCOUNT:** (If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.)

Name: Amster, Rothstein & Engelberg

DA-055069

Account Number: . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**CORRESPONDENCE:** (Give name and address to which correspondence about this application should be sent.)

Name: Philip H. Gottfried, Esq.
Amster, Rothstein & Engelberg

Address: 90 Park Avenue . . . . . . . . . . . . . . . . (Apt.)

New York, New York  10016
(City)        (State)        (ZIP)

**⑦**
Fee and
Correspond-
ence

---

**CERTIFICATION:** ✱ I, the undersigned, hereby certify that I am the: (Check one)

☐ author  ☐ other copyright claimant  ☐ owner of exclusive right(s)  ☒ authorized agent of:  ATLAS FILMS, INC.
(Name of author or other copyright claimant, or owner of exclusive right(s))

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

☞  Handwritten signature: (X) . . . . . . *[signature]* . . . . . . . .

Typed or printed name.  Philip H. Gottfried . . . . . . . . . . Date  11/08/82

**⑧**
Certification
(Application
must be
signed)

---

MAIL
CERTIFICATE
TO

Philip H. Gottfried, Esq.

AMSTER, ROTHSTEIN & ENGELBERG
(Number, Street and Apartment Number)

90 Park Avenue . . . . . . . . . . . . . . . . . . . . . . . . . . .

New York, New York  10016
(City)        (State)        (ZIP code)

(Certificate will
be mailed in
window envelope)

**⑨**
Address
For Return
of
Certificate

---

✱ 17 U S C §506(e): FALSE REPRESENTATION – Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

☆ U.S. GOVERNMENT PRINTING OFFICE: 1980-311-425/12 .

Aug. 1980—5

EXHIBIT B

**FORM PA**

UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

HA    102-588

PA    PAU

EFFECTIVE DATE OF REGISTRATION

Apr.    14    1981
(Month)    (Day)    (Year)

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE CONTINUATION SHEET (FORM PA/CON)

**(1) Title**

TITLE OF THIS WORK:

THAT LUCKY STIFF

NATURE OF THIS WORK: (See instructions)

Motion Picture Film

PREVIOUS OR ALTERNATIVE TITLES:

---

**(2) Author(s)**

IMPORTANT: Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). If any part of this work was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates blank.

**1**

NAME OF AUTHOR:  Chuck Vincent

Was this author's contribution to the work a "work made for hire"?  Yes XX  No . . . .

DATES OF BIRTH AND DEATH:
Born _____ Died _____
(Year)    (Year)

AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of  U. S. A.  { or { Domiciled in ..........................
(Name of Country)                    (Name of Country)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous?  Yes ....  No XX
Pseudonymous?  Yes ....  No XX
If the answer to either of these questions is "Yes," see detailed instructions attached.

AUTHOR OF: (Briefly describe nature of this author's contribution)
Writer, Producer, Director

**2**

NAME OF AUTHOR:

Was this author's contribution to the work a "work made for hire"?  Yes ....  No .....

DATES OF BIRTH AND DEATH:
Born _____ Died _____
(Year)    (Year)

AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of ..................  { or { Domiciled in ..........................
(Name of Country)                    (Name of Country)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous?  Yes ....  No ....
Pseudonymous?  Yes ....  No ....

AUTHOR OF: (Briefly describe nature of this author's contribution)

**3**

NAME OF AUTHOR:

Was this author's contribution to the work a "work made for hire"?  Yes ....  No .....

DATES OF BIRTH AND DEATH:
Born _____ Died _____
(Year)    (Year)

AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of ..................  { or { Domiciled in ..........................
(Name of Country)                    (Name of Country)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous?  Yes ....  No ....
Pseudonymous?  Yes ....  No ....
If the answer to either of these questions is "Yes," see detailed instructions attached.

AUTHOR OF: (Briefly describe nature of this author's contribution)

---

**(3) Creation and Publication**

YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED:

Year. 1981
(This information must be given in all cases.)

DATE AND NATION OF FIRST PUBLICATION:

Date * April .. 1 .. 1981 ..
(Month)    (Day)    (Year)

Nation ....... U. S. A. ..........
(Name of Country)
(Complete this block ONLY if this work has been published.)

---

**(4) Claimant(s)**

NAME(S) AND ADDRESS(ES) OF COPYRIGHT CLAIMANT(S):

Mature Pictures Corp.
356 W. 44 St .
New York, N.Y. 10036
U. S. A.

TRANSFER: (If the copyright claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.)
* * By Agreement

---

• Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• Follow detailed instructions attached • Sign the form at line 8

DO NOT WRITE HERE

Page 1 of    2    pages

\* Year date in notice: MCMLXXX
\*\* Added by C.O. authority telephone call
with Gary Palmucci on 5/5/81

PA          102-588

| EXAMINED BY | APPLICATION RECEIVED | FOR COPYRIGHT OFFICE USE ONLY |
|---|---|---|
| CHECKED BY | | |
| CORRESPONDENCE ☑ Yes | DEPOSIT RECEIVED 1 2 MAY 1981 | |
| DEPOSIT ACCOUNT FUNDS USED: ☐ | REMITTANCE NUMBER AND DATE. 209102 APR148 | |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED ADDITIONAL SPACE, USE CONTINUATION SHEET (FORM PA/CON)**

**PREVIOUS REGISTRATION:**

- Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?  Yes . . . . . . . . No . . Xx

- If your answer is "Yes," why is another registration being sought?  (Check appropriate box)

  ☐ This is the first published edition of a work previously registered in unpublished form.
  ☐ This is the first application submitted by this author as copyright claimant.
  ☐ This is a changed version of the work, as shown by line 6 of the application.

- If your answer is "Yes," give:  Previous Registration Number . . . . . . . . . . . . . Year of Registration . . . . . . . . . .

**5** Previous Registration

---

**COMPILATION OR DERIVATIVE WORK:** (See instructions)

PREEXISTING MATERIAL: (Identify any preexisting work or works that the work is based on or incorporates.)

. . . . . . . . . . . none . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

MATERIAL ADDED TO THIS WORK: (Give a brief, general statement of the material that has been added to this work and in which copyright is claimed.)

. . . . . . . . none . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**6** Compilation or Derivative Work

---

**DEPOSIT ACCOUNT:** (If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.)

Name: . . . . . . . . . . . . . . . . . . . . . . . . .

Account Number: . . . . . . . . . . . . . . . . . . .

**CORRESPONDENCE:** (Give name and address to which correspondence about this application should be sent.)

Name: Mature Pictures Corporation

Address: 356 W. 44 St. . . . . . . . . . . . . . (Apt.)

New York . . . . . N.Y. . . . . . . 10036
(City)                    (State)              (ZIP)

**7** Fee and Correspondence

---

**CERTIFICATION:** \* I, the undersigned, hereby certify that I am the: (Check one)

☐ author ☐ other copyright claimant ☐ owner of exclusive right(s) ☒ authorized agent of  Mature Pictures Corp.
(Name of author or other copyright claimant, or owner of exclusive right(s))

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Handwritten signature: (X) _Robert R. Sumner_

Typed or printed name . . . . . . Robert R. Sumner . . . . . . . . Date . . 4.8.81

**8** Certification (Application must be signed)

---

| MATURE PICTURES CORPORATION | **MAIL** | **9** |
|---|---|---|
| (Name) | **CERTIFICATE** | Address For Return of Certificate |
| 356 WEST 44 Street | **TO** | |
| (Number, Street and Apartment Number) | | |
| New York N.Y. 10036 | (Certificate will be mailed in window envelope) | |
| (City) (State) (ZIP code) | | |

\* 17 U.S.C. §506(e): FALSE REPRESENTATION   Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

U.S. GOVERNMENT PRINTING OFFICE: 1978-261-022/19

Sept. 1978—200,000

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Index No. _____ Year _____

EVART ENTERPRISES, INC.,

Plaintiff,

-against-

GENTLEMEN'S VIDEO, INC., MICHAEL ESPOSITO, individually and in his corporate capacity, SCOTT ESPOSITO, individually and in his corporate capacity,

Civil Action No.:
06 Civ. 3583 (LBS)

## VERIFIED COMPLAINT

**QUIRK AND BAKALOR, P.C.**

*Attorney(s) for* Plaintiff

*Office and Post Office Address, Telephone*

845 Third Avenue
NEW YORK, NEW YORK 10022
(212) 319-1000

To

Attorney(s) for

Signature (Rule 130-1.1-a)

Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

**PLEASE TAKE NOTICE:**

☐ NOTICE OF ENTRY

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order
will be presented for settlement to the HON.
within named Court, at
on                          at              M.
Dated,

of which the within is a true copy
one of the judges of the

Yours, etc.

**QUIRK AND BAKALOR, P.C.**