DOC # 6

## QUIRK AND BAKALOR, P.C.
COUNSELORS AT LAW
845 THIRD AVENUE
NEW YORK, N.Y. 10022-6601

(212) 319-1000
FAX (212) 319-1085

RECEIVED
JUL 03 2007
CHAMBERS OF
DOUGLAS F. EATON
U.S.M.J.

**MEMO ENDORSED**

RICHARD H. BAKALOR
STEPHEN K. BLUNDA
JEFFREY J. ELLIS
RICHARD M. FREIMAN †
SCOTT P. TAYLOR
H. NICHOLAS GOODMAN
TIMOTHY J. KEANE
LORETTA A. REDMOND
DOMINIC S. CURCIO
STEVEN A. LEE

DEBRA E. SEIDMAN
ANOUSHKA S. BAYLEY
BRIAN P. SEXTON ††
DONNA H. BAKALOR †††▲
LIZA R. PLEISSIG
TODD A. PARADEIS
GLORIA B. DUNN
DARA L. ROSENBAUM ††
CHARLES M. HENDERSON III †††

TAMIKA N. HARDY ††
JOEL M. MAXWELL
ROBERT B. ACKER
JEANNE M. BOYLE ††
ROBERT M. NASH
KIRSTY J. ROGERS
CARTER A. REICH ††

WESTCHESTER OFFICE
1299 NORTH AVENUE
NEW ROCHELLE, N.Y. 10804

ROBERT E. QUIRK
OF COUNSEL

† ALSO ADMITTED IN FLORIDA
†† ALSO ADMITTED IN NEW JERSEY
††† ALSO ADMITTED IN MASSACHUSETTS
▲ ALSO ADMITTED IN MINNESOTA

July 3, 2007

**Via Facsimile (212) 805-6181**
Honorable Douglas F. Eaton
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1360
New York, New York 10007

Re:   Evart Enterprises v. Gentlemen's Video, et al.
      07 Civ. 5441 (DLC) (DFE)

Dear Magistrate Eaton,

This firm represents Plaintiff in the above referenced matter. I write in response to Ed Rudofsky, Esq.'s June 29, 2007, letter to you.

Plaintiff will of course grant Defendants an extension of time to answer the Complaint that was served on June 13, 2007. Indeed, had Mr. Rudofsky simply contacted me to request such an extension, I would have happily agreed to same. Plaintiff suggests that the time for Defendants to answer be extended up to and including July 27, 2007.

As to scheduling a conference, to the extent Your Honor is willing to do so before Defendants answer, Plaintiff will of course attend. I will be out town through July 17, but will be available on any mutually convenient date thereafter.

QUIRK AND BAKALOR, P.C.

Be aware, however, that, as stated in my June 13, 2007, letter to Judge Cote, Plaintiff does not believe that a conference will be useful unless and until Defendants recognize that the new action cannot be settled absent a significant monetary payment from Defendants to Plaintiff, separate and apart from the payment provisions of the settlement agreement reached in the first action. If Defendants intend to use the conference they now propose to attempt to convince Your Honor that their claimed efforts to halt all sales of infringing product should alone be sufficient to resolve the second action, then such a conference will not be productive.

In that regard, I have been advised that a DVD of one of the titles at issue in the second litigation was purchased on June 14, 2007, the day after service of the second Complaint. That DVD was subsequently received and confirmed to contain infringing footage. I was further advised that since the service of the second Complaint, six other DVDs of both titles at issue were ordered from five of the many different websites still offering those titles for sale.

I was also informed that today infringing footage from one of the titles at issue was viewed on a video on demand website via pay-per-minute and that there are several other video on demand websites offering the titles at issue for viewing and/or download.

There is obviously reason to dispute Defendants' purported efforts to cleanse infringing product from the marketplace. I have requested documentation concerning the above and I will forward it to Mr. Rudofsky upon my receipt.

In the meantime, we await Your Honor's advice on how you wish to proceed. Thank you for your attention to these matters.

Very truly yours,

H. Nicholas Goodman

cc:    Edward Rudofsky, Esq. (Via Electronic Mail)

7/10/07 – 1. Defendants must serve and file an Answer or motion by July 27, 2007.
2. The attorneys shall arrange a telephone conference with me to discuss (a) a Scheduling Order for both cases (06 Civ. 1320? and 07 Civ. 5441), and (b) the most propitious time for a settlement conference.

Douglas F. Eaton

**MEMO ENDORSED**