UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

EVART ENTERPRISES, INC.,                       :

                Plaintiff,           :    Docket No. 07 CV 5441
                                           (DLC) (DFE)

- against -                                    :

GENTLEMEN'S VIDEO, INC., et al.,               :    **DECLARATION OF**
                                                **EDWARD S. RUDOFSKY**
                Defendants.         :

-----------------------------------------------------------X

      **EDWARD S. RUDOFSKY** hereby declares the following to be true under the penalty of perjury:

      1.    I am a member of the firm of Zane and Rudofsky, attorneys for defendants, Gentlemen's Video, Inc., Michael Esposito and Scott Esposito; am fully familiar with the matters set forth herein; and submit this declaration in support of defendant's motion for an Order dismissing the above-captioned action pursuant to F.R.Civ.P. 12(b)(6), ), and granting defendants such other, further and different relief as is just, necessary and proper.

      2.    This is an action for alleged copyright infringement of scenes from two motion pictures, "A Scent of Heather" and "That Lucky Stiff".

      3.    "A Scent of Heather" was copyrighted in 1982 by Atlas Films, Inc. d/b/a Praexis Productions ("Atlas").  See Complaint, Exhibit A.

4. "That Lucky Stiff" was copyrighted in 1981 by Mature Films Corp. ("Mature"). See Complaint, Exhibit B.

5. The named plaintiff in this action is Evart Enterprises, Inc. ("Evart").

6. The Complaint refers to another corporation, Distribpix, Inc. ("Distribpix") and alleges that the Evart and Distribpix are "sister company[ies]" "wholly owned by the same individual." [Complaint, ¶ 3]

7. The Complaint further alleges that the exclusive rights to "A Scent of Heather" were acquired by Evart "through Distribpix." See Complaint, ¶19.

8. The Complaint likewise alleges that the exclusive rights to "That Lucky Stiff" were acquired by Evart "through Distribpix." See Complaint, ¶ 29.

9. The date and manner in which Evart allegedly acquired the rights to "A Scent of Heather" and "That Lucky Stiff" are not pleaded. In particular, there is no allegation that the transfer of rights was in writing. To the contrary, it appears that the allegation of a transfer of rights relies upon the prior allegation that Evart and Distribpix are "sister compan[ies]" "wholly owned by the same individual." (Complaint ¶ 3) Indeed, there is no other logical explanation for why that allegation is included in the Complaint.

10. Annexed as Exhibit A hereto is a copy of the online publication of the U.S. Copyright Office, "Copyright Office Basics," printed on this date. The Court's attention is respectfully called to the following passage on page 7 of Exhibit A:

**Transfer of Copyright**

Any or all of the copyright owner's exclusive rights or any subdivision of those rights may be transferred, but <u>the transfer of exclusive rights is not valid unless that transfer is in writing</u> and signed by the owner of the rights conveyed or such owner's duly authorized agent. [Emphasis added.]

11. Transfer of copyrights may be recorded in the Copyright Office. (See Exhibit B). However, in this case, the Complaint neither includes an allegation of signed transfer of rights in writing nor do the records of the Copyright Office indicate that any transfer of rights in either of the involved films has ever been recorded. See Exhibit C (online Search Record Results for "A Scent of Heather") and Exhibit D (online Search Record Results for "That Lucky Stiff).

12. Under the circumstances, it is respectfully submitted that the Complaint fails to state a claim by Evart for copyright infringement and should, accordingly, be dismissed.

13. I declare under penalty of perjury that the foregoing is true and correct.

*Edward S. Rudofsky*
Edward S. Rudofsky (ER-9037)

3