UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

EVART ENTERPRISES, INC., :

                    Plaintiff, : Docket No. 07 CV 5441
                                                       (DLC) (DFE)

- against - :

GENTLEMEN'S VIDEO, INC., et al., :

                    Defendants. :

-------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS COMPLAINT

This memorandum is submitted in support of defendants' motion to dismiss the Complaint in this action pursuant to F.R.Civ.P. 12(b)(6), for failure to state a claim for which relief may be granted.

As set forth in the moving declaration of Edward S. Rudofsky, submitted herewith, this is an action for alleged copyright infringement of scenes from two motion pictures, "A Scent of Heather" and "That Lucky Stiff".

"A Scent of Heather" was copyrighted in 1982 by Atlas Films, Inc. d/b/a Praexis Productions ("Atlas"). See Complaint, Exhibit A. "That Lucky Stiff" was copyrighted in 1981 by Mature Films Corp. ("Mature"). See Complaint, Exhibit B.

The named plaintiff in this action is Evart Enterprises, Inc. ("Evart"). Howver, the Complaint refers to another corporation, Distribpix, Inc. ("Distribpix") and alleges

that the Evart and Distribpix are "sister company[ies]" "wholly owned by the same individual." [Complaint, ¶ 3]

The Complaint further alleges that the exclusive rights to "A Scent of Heather" and "That Lucky Stiff" were acquired by Evart "through Distribpix." See Complaint, ¶¶ 19 and 29. However, the date and manner in which Evart allegedly acquired the rights to "A Scent of Heather" and "That Lucky Stiff" are not pleaded. In particular, there is no allegation that the transfer of rights was in writing. To the contrary, it appears that the allegation of a transfer of rights relies upon the prior allegation that Evart and Distribpix are "sister compan[ies]" "wholly owned by the same individual." (Complaint ¶ 3) Indeed, there is no other logical explanation for why that allegation is included in the Complaint.

    Pursuant to the Copyright Act, 17 U.S.C. § 204:

> A transfer of copyright ownership, other than by operation of law, is <u>not valid</u> unless an instrument of conveyance, or a note or memorandum of the transfer, <u>is in writing and signed</u> by the owner of the rights conveyed or such owner's duly authorized agent. [Emphasis added.]

The online summary of "Copyright Office Basics" published by the U.S. Copyright Office, is to the same effect. See Rudofsky Decl., Exhibit A, at p. 7, which reads as follws:

**Transfer of Copyright**

Any or all of the copyright owner's exclusive rights or any subdivision of those rights may be transferred, but <u>the transfer of exclusive rights is not valid unless that transfer is in writing</u> and signed by the owner of the rights conveyed or such owner's duly authorized agent. [Emphasis added.]

Transfer of copyrights may be recorded in the Copyright Office. (See Rudofsky Decl., Exhibit B). However, in this case, the Complaint neither includes an allegation of signed transfer of rights in writing nor do the records of the Copyright Office indicate that any transfer of rights in either of the involved films has ever been recorded. See Exhibit C (online Search Record Results for "A Scent of Heather") and Exhibit D (online Search Record Results for "That Lucky Stiff).

Under the circumstances, it is respectfully submitted that the Complaint fails to state a claim by Evart for copyright infringement and should, accordingly, be dismissed. *See*, <u>Technique, Inc. v. Rohn</u>, 592 F.Supp. 1195, 225 U.S.P.Q. 741 (S.D.N.Y. 1984), in which then-Chief Judge Motley explained:

> Plaintiff ... has admitted, however, that there is no written evidence of Rohn's intended or actual transfer of the rights in the copyright to plaintiffs. This fact defeats plaintiffs' ability to make use of the transfer even if it took place orally. <u>Pursuant to 17 U.S.C. § 204(a), there can be no oral transfer of a copyright. In order to be enforceable in this infringement action, it would have to be in writing</u>. *Library Publications, Inc. v. Medical Economics Co.*, 548 F. Supp. 1231, 1234 (E.D.Pa.1982), *aff'd*, 714 F.2d 123 (3d Cir.1983). [Emphasis added.] [*]

---

[*] Judge Motley went on to hold, as an alternative basis for decision, that the plaintiff in <u>Technique</u>, *supra*, had also failed to satisfy 17 U.S.C. § 205(d), which at that time required recording of the written assignment as a jurisdictional prerequisite to suit. That requirement was repealed in 1990. However, the requirement of a signed instrument of transfer (whether or not recorded) remains. At bar, however, plaintiff has abjectly failed to allege such a writing. The omission of such an allegation from the plaintiff's Complaint is a classic "dog that did not bark" [A. Conan Doyle, *Silver Blaze*, <u>The Complete Sherlock Holmes</u> (1938)] and, in any event, fatal to the infringement claims pleased in this case.

3

WHEREFORE, defendant urges the Court to dismiss the Complaint in this action, pursuant to F.R.Civ.P. 12(b)(6), for failure to state a claim for which relief may be granted, and granting defendants such other, further and different relief as is just, necessary and proper..

Dated:       New York, New York
             July 27, 2007

                              Yours, etc.,

                              **ZANE and RUDOFSKY**
                              *Attorneys for Defendants*
                              The Starrett Lehigh Building
                              601 West 26th Street, # 1111
                              New York, NY  10001
                              (212) 245-2222

                       By: _____
                              Edward S. Rudofsky (ER-9037)