UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

EVART ENTERPRISES, INC.,

               Plaintiff,

          -versus-

GENTLEMEN'S VIDEO, INC., MICHAEL
ESPOSITO, individually and in his corporate
capacity, and SCOTT ESPOSITO, individually and
in his corporate capacity,

               Defendants.

--------------------------------------------------------x

07 Civ. 5441

**PLAINTIFF'S
FIRST AMENDED
COMPLAINT**

**Jury Trial
Demanded**



RECEIVED
AUG 2 4 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, EVART ENTERPRISES, INC., by its attorneys Quirk and Bakalor, P.C., for its First Amended Complaint against GENTLEMEN'S VIDEO, INC., MICHAEL ESPOSITO, individually and in his corporate capacity, and SCOTT ESPOSITO, individually and in his corporate capacity, states as follows:

1.     This action arises under the copyright and trademark laws of the United States (Titles 15 and 17, United States Code, respectively).  Jurisdiction is conferred upon this Court by 28 U.S.C. § 1338(a).  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claims arose in this District.

2.     Plaintiff EVART ENTERPRISES, INC. (hereinafter "EVART") is a corporation duly incorporated in and existing and operating under the laws of the State of New York.

3.     EVART is the owner of exclusive rights in the United States in and to certain premium quality adult motion pictures produced in the 1970s and 1980s.

4.     At all times relevant herein, Arthur Morowitz (hereinafter "Morowitz") was the majority shareholder of EVART and Morowitz is currently the sole shareholder of EVART.

5.     At all times relevant herein, Morowitz was also the majority shareholder of Distribpix, Inc. (hereinafter "Distribpix"), a corporation duly incorporated in and existing and operating under the laws of the State of New York. Morowitz is currently the sole shareholder of Distribpix.

6.     From time to time, EVART and Distripix have offered for sale and sold motion pictures under EVART's trademark "Video X Pix" (U.S. federal registration number 1230884).

7.     At all times relevant herein Defendant, GENTLEMEN'S VIDEO, INC., sometimes known as and/or doing business as "Gents" (hereinafter "GENTS"), was and is a California corporation, existing under and by virtue of the laws of the State of California with a principal place of business located at 21638 Lassen Street, Chatsworth, California 91311.

8.     At all times relevant herein, GENTS was and is in the business of creating, marketing, distributing, selling and/or licensing motion pictures and compilations of motion picture footage fixed on digital versatile discs (also known as "Digital Video Discs" and hereinafter referred to as "DVDs") and/or through services that make motion pictures available for download via the internet (also sometimes referred to as a "content delivery services" or "internet based subscription video services" and also commonly known as "Video On Demand" services (hereinafter "VOD services")).

9.     At all times relevant herein, GENTS transacted business within the State of New York.

10.     At all times relevant herein, GENTS contracted to supply goods or services in the State of New York.

2

11.    At all times relevant herein, GENTS regularly did or solicited business, or engaged in a persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered, in the State of New York.

12.    At all times relevant herein, GENTS expected or should reasonably have expected its acts to have consequences in the State of New York.

13.    At all times relevant herein, GENTS derived substantial revenue from interstate or international commerce.

14.    At all times relevant herein, MICHAEL ESPOSITO was and is an owner, officer and/or director of GENTS.

15.    At all times relevant herein, MICHAEL ESPOSITO expected or should reasonably have expected his acts on behalf of GENTS to have consequences in the State of New York.

16.    At all times relevant herein, defendant SCOTT ESPOSITO, was and is an owner, officer and/or a director of GENTS.

17.    At all times relevant herein, SCOTT ESPOSITO expected or should reasonably have expected his acts on behalf of GENTS to have consequences in the State of New York.

18.    At all times relevant herein, MICHAEL ESPOSITO derived substantial revenue from interstate or international commerce.

19.    At all times relevant herein, SCOTT ESPOSITO derived substantial revenue from interstate or international commerce.

## PLAINTIFF'S MOTION PICTURES

"A Scent of Heather"

20.    In 1980, Atlas Films, Inc. ("Atlas"), under the pseudonym "Praexis Productions," completed production of a full length motion picture entitled "A Scent of Heather" starring Veronica Hart.

21.    "A Scent of Heather" was first shown in theatres on or about December 3, 1980, and thereafter enjoyed great commercial success.

22.    By written agreement dated February 15, 1981, Atlas Films, Inc., the owner of all rights in and to "A Scent of Heather," for good and valuable consideration, conveyed to Distribpix the exclusive right and authority to produce, reproduce and distribute "A Scent of Heather" by means of video cassettes, video discs and other similar means of production and reproduction in the United States, in perpetuity.

23.    The copyright for "A Scent of Heather" was duly registered with the United States Copyright Office which issued Certificate of Copyright Registration PA 153-829, effective date November 12, 1982.  A copy of that Certificate of Copyright Registration is annexed hereto as Exhibit "A."

24.    By oral agreement, effectuated in 1981 shortly after Distribpix's acquisition of the aforementioned exclusive rights in and to "A Scent of Heather," Distribpix conveyed all of those exclusive rights to EVART.

25.    By written Memorandum of Transfer dated August 23, 2007, Distribpix memorialized the aforementioned oral conveyance of its exclusive rights to "A Scent of Heather" to EVART.

4

26.    Beginning in or about 1986, videocassettes containing "A Scent of Heather" in VHS format were offered for sale and sold in the United States under the "Video X Pix" mark. The VHS tape contained a copyright notice in the name of Atlas Films, Inc.  The packaging in which the videocassettes were sold bore an EVART copyright notice.

27.    In or about June 2003, a digitally re-mastered version of "A Scent of Heather" was released in DVD format and was offered for sale and sold in the United States.  The DVD version of "A Scent of Heather" contained the original Atlas/Praexis copyright notice. The packaging in which the DVDs were sold bore an EVART copyright notice.

28.    The DVD release of "A Scent of Heather" enjoyed great commercial success and was and is currently being offered for sale and sold by many authorized vendors.

29.    "A Scent of Heather" has also been licensed to third-parties who have made "A Scent of Heather" available to the public through VOD services.

30.    EVART has complied with all the Copyright Act and has always maintained its exclusive rights and privileges with respect to "A Scent of Heather."

"That Lucky Stiff"

31.    In or about 1981, Mature Pictures, Inc. ("Mature") completed production of a full length motion picture entitled "That Lucky Stiff" starring Samantha Fox.

32.    "That Lucky Stiff" was first shown in theatres on April 1, 1981, and thereafter enjoyed great commercial success.

33.    The copyright for "That Lucky Stiff" was duly registered with the United States Copyright Office which issued Certificate of Copyright Registration PA 102-588, effective date April 14, 1981.  A copy of that Certificate of Copyright Registration is annexed hereto as Exhibit "B."

34.    By Purchase Agreement dated October 22, 1982, Distribpix purchased from Mature, and certain related entities, all of Mature's assets, including the name "Mature Pictures, Inc." By that Purchase Agreement, Mature expressly conveyed to Distribpix all of Mature's right, title and interest to "That Lucky Stiff," including the copyright thereto.

35.    By oral agreement, effectuated in 1982 shortly after Distribpix's purchase of Mature's assets, including all right, title and interest to "That Lucky Stiff" and the copyright thereto, Distribpix conveyed to EVART all rights, title, interest and copyright to "That Lucky Stiff."

36.    By written Memorandum of Transfer dated August 23, 2007, Distribpix memorialized the aforementioned oral conveyance of its right, title and interest, including the copyright to "That Lucky Stiff" to EVART.

37.    Beginning in or about 1987, videocassettes containing "That Lucky Stiff" in VHS format were offered for sale and sold in the United States under the "Video X Pix" mark. The VHS tape bore a copyright notice in the name of Mature Pictures, Inc. The packaging in which the videocassettes were sold bore an EVART copyright.

38.    In or about September 2005, a digitally re-mastered version of "That Lucky Stiff" was released in DVD format and offered for sale and sold in the United States. Both the DVD version of "That Lucky Stiff" and the packaging in which it was sold bore EVART copyright notices.

39.    The DVD release of "That Lucky Stiff" enjoyed great commercial success and was and is currently being offered for sale and sold by EVART's licensee and by many authorized vendors.

6

40.    "That Lucky Stiff" has also been licensed to third-parties who have made "That Lucky Stiff" available to the public through VOD services.

41.    EVART has complied in all respects with the Copyright Act and has maintained the exclusive rights and privileges in and to the copyright of "That Lucky Stiff."

### THE PRIOR LITIGATION

42.    In 2006, EVART discovered that GENTS was offering for sale and selling two motion picture compilations entitled "The Golden Age of Porn: Annie Sprinkles Volume 1" and "The Golden Age of Porn: Annie Sprinkles Volume 2," both of which contained unaltered footage from EVART's copyrighted motion picture "Deep Inside Annie Sprinkle."

43.    After GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO ignored numerous warnings concerning these infringements made over a period of many months, EVART commenced suit against GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO by filing a Summons and Complaint dated November 14, 2006, in this Court under the caption Evart v. Gentlemen's Video, et al., 06 cv 13207 (DLC), and subsequently served same on GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO.

44.    Settlement discussions ensued immediately thereafter and EVART and GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO entered a Settlement Agreement dated January 30, 2007, which provided, among other things, for this Court to execute a Consent Order and Permanent Injunction.

45.    The Honorable Denise Cote signed the Consent Order and Permanent Injunction on February 14, 2007.

46.     Pursuant to the Consent Order and Permanent Injunction, GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO were permanently enjoined and restrained from "infringing EVART's exclusive rights under copyright in any motion picture duly copyrighted by Plaintiff or for which EVART owns exclusive distribution rights …"

## DEFENDANTS' INFRINGING MOTION PICTURES

"The Golden Age of Porn: Veronica Hart"

47.     In 2006, GENTS began to offer for sale and sell a compilation of motion picture footage in DVD format entitled "The Golden Age of Porn: Veronica Hart" (hereinafter "GENTS' Veronica Hart").

48.     GENTS' Veronica Hart contains approximately 29 minutes and 6 seconds of unaltered footage from the copyrighted motion picture "A Scent of Heather" to which, as set forth above, EVART owns relevant exclusive rights.

49.     The technical quality of EVART's footage as copied in GENTS' Veronica Hart is lower than the technical quality of the copies of that footage authorized by EVART.

50.     GENTS offered for sale and sold GENTS' Veronica Hart in packaging bearing the following language:

> THIS DVD AND ALL GRAPHIC MATERIALS ASSOCIATED HEREIN CONTAIN ONLY VISUAL DEPICTIONS OF ACTUAL SEXUALLY EXPLICIT CONDUCT PRODUCED BEFORE JULY 3RD, 1995 AND AS SUCH ARE EXEMPT FROM THE REQUIREMENT PURSUANT TO TITLE 18 U.S.C. SECTION 2257 AND C.R.F [sic] 75. MANUFACTURED AND DISTRIBUTED BY GENTLEMEN'S VIDEO 21638 LASSEN STREET CHATSWORTH., C.A., 91311.. © 2004 GENTLEMEN'S VIDEO All rights reserved.

8

51.    The actual footage contained on GENTS' Veronica Hart includes a notice reading as follows:

> This product and all graphical materials associated with it are exempt from the requirements of 18 U.S.C. Section 2257 because all visual depictions of sexually explicit conduct appearing therein were made before July 3rd, 1995.
> Manufactured by Gentlemen's DVD located at 21638 Lassen Street Chatsworth, CA 91311 Custodian of Records M. Esposito copyright G.V. 2004

52.    GENTS offered for sale and sold GENTS' Veronica Hart at least through the end of March 2007, including a period of more than one month after this Court executed the aforementioned Consent Order and Permanent Injunction.

53.    MICHAEL ESPOSITO personally produced and/or participated in the production of and/or authorized the production and/or release of GENTS' Veronica Hart.

54.    SCOTT ESPOSITO personally produced and/or participated in the production of and/or authorized the production and/or release of GENTS' Veronica Hart.

55.    GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO placed or caused to be placed the aforementioned copyright and Custodian of Record notices on GENTS' Veronica Hart and the packaging thereto knowing that same were false.

56.    EVART did not authorize GENTS, MICHAEL ESPOSITO or SCOTT ESPOSITO to copy "A Scent of Heather," or any portion thereof, or to offer for sale and sell, distribute and/or license copies of any portion of that motion picture.

"The Golden Age of Porn: Samantha Fox"

57.     In February 2007, after GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO had signed the aforementioned January 30, 2007, Settlement Agreement, GENTS for the first time began to offer for sale and to sell in DVD format a compilation of motion picture footage entitled "The Golden Age of Porn: Samantha Fox" (hereinafter "GENTS' Samantha Fox").

58.     GENTS' Samantha Fox contains approximately 16 minutes and 34 seconds of unaltered footage from the EVART's copyrighted motion picture "That Lucky Stiff."

59.     The technical quality of EVART's footage as copied in GENTS' Samantha Fox is lower than the technical quality of the copies of that footage authorized by EVART.

60.     The packaging in which GENTS' Samantha Fox is being offered for sale and sold bears a still frame image copied from EVART's "That Lucky Stiff."

61.     The EVART footage contained in GENTS' Samantha Fox bears a "watermark" reading "ABA." "ABA" stands for Alpha Blue Archives, a self-styled seller of vintage adult video who utilized the aforementioned footage from EVART's "That Lucky Stiff" without EVART's permission.

62.     GENTS offered for sale and sold GENTS' Samantha Fox in packaging bearing the following language, which language is also printed on the GENTS discs themselves:

> OTHIS [sic] DVD AND ALL GRAPHIC MATERIALS ASSOCIATED HEREIN CONTAIN ONLY VISUAL DEPICTION OF ACTUAL SEXUALLY EXPLICIT CONDUCT PRODUCED BEFORE JULY 3RD, 1995 AND AS SUCH ARE EXEMPT FROM THE REQUIREMENT PURSUANT TO TITLE 18 U.S.C. SECTION 2257 AND C.R.F. [sic] 75. MANUFACTURED AND DISTRIBUTED BY GETLEMEN'S VIDEO 21638 LASSEN STREET CHATSWORTH., CA., 91311.. © 2007 GENTLEMEN'S VIDEO All rights reserved.

63.    The actual footage contained on GENTS' Samantha Fox contains the following notice:

> This product and all graphical materials associated with it are exempt from the requirements of 18 U.S.C. Section 2257 because all visual depictions of sexually explicit conduct appearing therein were made before July 3rd, 1995. Manufactured by Gentlemen's DVD located at 21638 Lassen Street Chatsworth, CA 91311 Custodian of Records M. Esposito copyright G.V. 2004

64.    GENTS continued to offer for sale and sell GENTS' Samantha Fox at least through the end of March 2007, more than one month after this Court So Ordered the aforementioned Consent Order and Permanent Injunction.

65.    MICHAEL ESPOSITO personally produced and/or participated in the production of and/or authorized the production and/or release of GENTS' Samantha Fox.

66.    SCOTT ESPOSITO personally produced and/or participated in the production of and/or authorized the production and/or release of GENTS' Samantha Fox.

67.    GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO utilized the aforementioned copyright notices and Custodian of Record notices on GENTS' Samantha Fox and the packaging thereto knowing that same were false.

68.    EVART did not authorize GENTS to copy "That Lucky Stiff," or any portion thereof, or to offer for sale and sell, distribute and/or license copies of any portion of that motion picture.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST
### GENTS, SCOTT ESPOSITO and MICHAEL ESPOSITO

69.    EVART repeats, reiterates and realleges Paragraphs "1" through "68" above, inclusive, with the same force and effect as though fully set forth at length herein.

11

70.     By all of their acts with respect to "A Scent of Heather," including the unauthorized copying thereof as set forth above, GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO have violated and continue to violate the Copyright Act, 17 U.S.C. 101, *et seq.*

71.     The infringing acts of GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO were and continue to be knowing and willful.

72.     By reason of the infringing activities of GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO, EVART has sustained and will continue to sustain substantial damage, injury and loss.

73.     Unless permanently enjoined by order of this Court, GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO will continue to infringe said copyrights, all to EVART'S irreparable injury. EVART has no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO

74.     EVART repeats, reiterates and realleges Paragraphs "1" through "73" above, inclusive, with the same force and effect as though fully set forth at length herein.

75.     By all of their acts with respect to "That Lucky Stiff," including the unauthorized copying thereof as set forth above, GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO have violated and continue to violate the Copyright Act, 17 U.S.C. 101, *et seq.*

76.     The infringing acts of GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO were knowing and willful.

77.     By reason of the infringing activities of GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO, EVART has sustained and will continue to sustain substantial damage, injury and loss.

78.    Unless permanently enjoined by order of this Court, GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO will continue to infringe said copyrights, all to EVART'S irreparable injury. EVART has no adequate remedy at law.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST GENTS, MICHAEL ESPOSITO AND SCOTT ESPOSITO

79.    EVART repeats, reiterates and realleges Paragraphs "1" through "78" above, inclusive, with the same force and effect as though fully set forth at length herein.

80.    By all of their acts with respect to "A Scent of Heather," including the use of false copyright notices, the certification of compliance with 18 U.S.C. § 2257 and the representation as to MICHAEL ESPOSITO being the Custodian of Records, GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO created the false impression that GENTS is the source and origin of the footage copied from "A Scent of Heather" in violation of the Lanham Act, 15 U.S.C. 101, *et seq.*

81.    The aforementioned acts of GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO were knowing and willful.

82.    By reason of the violation of the Lanham Act by GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO, EVART has sustained and will continue to sustain substantial damage, injury and loss.

83.    Unless permanently enjoined by order of this Court, GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO will continue to create the false impression that GENTS is the source and origin of the footage copied from "A Scent of Heather," all to EVART'S irreparable harm. EVART has no adequate remedy at law.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
## GENTS, MICHAEL ESPOSITO AND SCOTT ESPOSITO

84.     EVART repeats, reiterates and realleges Paragraphs "1" through "83" above, inclusive, with the same force and effect as though fully set forth at length herein.

85.     By all of their acts with respect to "That Lucky Stiff," including the use of false copyright notices, the certification of compliance with 18 U.S.C. § 2257 and the notice as to MICHAEL ESPOSITO being the Custodian of Records, GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO created the false impression that GENTS is the source and origin of of the footage copied from "That Lucky Stiff," in violation of the Lanham Act, 15 U.S.C. 101, *et seq.*

86.     The aforementioned acts of GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO were knowing and willful.

87.     By reason of the violation of the Lanham Act by GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO, EVART has sustained and will continue to sustain substantial damage, injury and loss.

88.     Unless permanently enjoined by order of this Court, GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO will continue to create the false impression that GENTS is the source and origin of the footage copied from "That Lucky Stiff" all to EVART's irreparable injury. EVART has no adequate remedy at law.

**WHEREFORE,** Plaintiff EVART ENTERPRISES, INC. prays that this Court direct the entry of Judgment in its favor providing for the following:

1.     An injunction permanently enjoining GENTLEMEN'S VIDEO, INC., MICHAEL ESPOSITO and SCOTT ESPOSITO from:

(a)     duplicating, reproducing, manufacturing, copying or making available for VOD Services any part of the motion pictures "A Scent of Heather" and "That Lucky

Stiff," or any other motion picture for which EVART is the copyright registrant or assignee, or for which EVART owns any exclusive rights for home video or VOD production, distribution or sale;

(b)    renting, selling, lending, exchanging, trading, distributing or licensing any unauthorized videocassette, laser disc, video compact disc and DVD, or other unauthorized copy of "A Scent of Heather" and "That Lucky Stiff," or any portion thereof, in any medium, including, but not limited to, VOD Services, or any other motion picture for which EVART is the copyright registrant or assignee, or for which EVART owns any exclusive rights for home video or VOD production, distribution or sale;

(c)    offering to do any of the acts enjoined in subparagraphs "(a)" and "(b)" above;

(d)    infringing, or contributing to or participating in the infringement by others, of the copyrights in "A Scent of Heather" and "That Lucky Stiff," or any other motion picture that EVART owns exclusive rights in or to, and from acting in concert with, aiding or abetting others in infringing any such motion pictures in any way;

(e)    representing that they own the copyrights to "A Scent of Heather" and "That Lucky Stiff" or that any one of them is the Custodian of Records for those motion pictures pursuant to applicable law.

2.    An Order that GENTLEMEN'S VIDEO, INC., MICHAEL ESPOSITO and SCOTT ESPOSITO be required to deliver upon oath, to be impounded during the pendency of this action, all negatives, positive film prints, transcriptions, recordings, video masters or videocassettes, laser discs, video compact discs and digital video discs film and video copying machines, held for delivery or under their control, under whatever name as may have been

15

affixed thereto, as are herein alleged to infringe or to have been used to infringe any of the copyrights aforesaid; and that Orders of Seizure in respect of the foregoing be issued out of this Court in the manner provided by the Copyright Act, and the Federal Rules of Civil Procedure; and that at the conclusion of this action, the Court shall order all such material so held to be surrendered to EVART or to be destroyed under a Writ of Destruction issued under 17 U.S.C. § 503, whichever shall seem to this Court to be most just and proper;

3.    With respect to the First Cause of Action:

(a)    Payment by GENTS to EVART in the amount of $30,000.00 in statutory damages, and if the Court finds that GENTS willfully infringed EVART's copyright in "A Scent of Heather" payment by GENTS to EVART of $150,000.00 in statutory damages;

(b)    Payment by MICHAEL ESPOSITO to EVART in the amount of $30,000.00, and if the Court finds that MICHAEL ESPOSITO willfully infringed EVART's copyright in "A Scent of Heather," payment by MICHAEL ESPOSITO to EVART in the amount of $150,000.00 in statutory damages;

(c)    Payment by SCOTT ESPOSITO to EVART in the amount of $30,000.00 in statutory damages, and if the Court finds that SCOTT ESPOSITO willfully infringed EVART's copyright in "A Scent of Heather," payment by SCOTT ESPOSITO to EVART in the amount of $150,000.00 in statutory damages.

4.    With respect to the Second Cause of Action:

(a)    Payment by GENTS to EVART in the amount of $30,000.00 in statutory damages, and if the Court finds that GENTS willfully infringed EVART's copyright in "That Lucky Stiff," payment by GENTS to EVART of $150,000.00 in statutory damages;

(b)      Payment by MICHAEL ESPOSITO to EVART in the amount of $30,000.00, and if the Court finds that MICHAEL ESPOSITO willfully infringed EVART's copyright in "That Lucky Stiff," payment by MICHAEL ESPOSITO to EVART in the amount of $150,000.00 in statutory damages;

(c)      Payment by SCOTT ESPOSITO to EVART in the amount of $30,000.00 in statutory damages, and if the Court finds that SCOTT ESPOSITO willfully infringed EVART's copyright in "That Lucky Stiff," payment by SCOTT ESPOSITO to EVART in the amount of $150,000.00 in statutory damages.

5.      With respect to the Third Cause of Action:

(a)      Payment by GENTS to EVART in the amount of: (i) defendants' profits, (ii) the damages sustained by EVART, and (iii) the costs of this action;

(b)      Payment by MICHAEL ESPOSITO to EVART in the amount of: (i) defendants' profits, (ii) the damages sustained by EVART, and (iii) the costs of this action;

(c)      Payment by SCOTT ESPOSITO to EVART in the amount of: (i) defendants' profits, (ii) the damages sustained by EVART and (iii) the costs of this action.

6.      With respect to the Fourth Cause of Action:

(a)      Payment by GENTS to EVART in the amount of: (i) defendants' profits, (ii) the damages sustained by EVART, and (iii) the costs of this action.

(b)      Payment by MICHAEL ESPOSITO to EVART in the amount of: (i) defendants' profits, (ii) the damages sustained by EVART, and (iii) the costs of this action.

17

(c)    Payment by SCOTT ESPOSITO to EVART in the amount of: (i) defendants' profits, (iii) the damages sustained by EVART, and (iii) the costs of this action.

7.    Payment by GENTS, MICHAEL ESPOSITO and SCOTT ESPOSITO to EVART for all of EVART's costs and attorney's fees herein; and

8.    Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 23, 2007

                              Yours, etc.

                              QUIRK AND BAKALOR, P.C.

                              BY: _____
                                  H. NICHOLAS GOODMAN (HG7446)
                                  Attorneys for Plaintiff
                                  EVART ENTERPRISES, INC.,
                                  845 Third Avenue
                                  New York, New York 10022
                                  (212) 319-1000


TO:    GENTLEMEN'S VIDEO, INC.
       c/o Edward S. Rudofsky, Esq.
       ZANE and RUDOFSKY
       Attorneys for Defendants
       601 West 26th Street
       New York, New York 10001

       MICHAEL ESPOSITO
       c/o Edward S. Rudofsky, Esq.
       ZANE and RUDOFSKY
       Attorneys for Defendants
       601 West 26th Street
       New York, New York 10001

18

SCOTT ESPOSITO
c/o Edward S. Rudofsky, Esq.
ZANE and RUDOFSKY
Attorneys for Defendants
601 West 26th Street
New York, New York 10001

Exhibit A

UNITED STATES COPYRIGHT OFFICE

This certificate, issued under the seal of the Copyright Office in accordance with the provisions of section 410(a) of title 17, United States Code, attests that copyright registration has been made for the work identified below. The information in this certificate has been made a part of the Copyright Office records.

*David Ladd*

**REGISTER OF COPYRIGHTS**
*United States of America*

REGISTRATION NUMBER

PA
PA    153-829
PAU

EFFECTIVE DATE OF REGISTRATION

Nov 12 82
(Month)  (Day)  (Year)

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE CONTINUATION SHEET (FORM PA/CON)**

**① Title**

TITLE OF THIS WORK: A SCENT OF HEATHER

NATURE OF THIS WORK: (See instructions)

Audiovisual Work
(Running Time-99 Mins.)

PREVIOUS OR ALTERNATIVE TITLES:

**② Author(s)**

IMPORTANT: Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). If any part of this work was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates blank.

**1**
NAME OF AUTHOR: ATLAS FILMS INC. whose pseudonym is PRAEXIS PRODUCTIONS
Was this author's contribution to the work a "work made for hire"?    Yes .X.    No......

DATES OF BIRTH AND DEATH:
Born .......... Died ..........
(Year)  (Year)

AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of ...................... or { Domiciled in U.S. of A. ......................
(Name of Country)                      (Name of Country)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous?    Yes...... No.X.
Pseudonymous?    Yes .X. No......
If the answer to either of these questions is "Yes," see detailed instructions attached.

AUTHOR OF: (Briefly describe nature of this author's contribution)
Entire copyrightable content.

**2**
NAME OF AUTHOR:
Was this author's contribution to the work a "work made for hire"?    Yes......    No......

DATES OF BIRTH AND DEATH:
Born .......... Died ..........
(Year)  (Year)

AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of ...................... or { Domiciled in ......................
(Name of Country)                      (Name of Country)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous?    Yes...... No......
Pseudonymous?    Yes...... No......
If the answer to either of these questions is "Yes," see detailed instructions attached.

AUTHOR OF: (Briefly describe nature of this author's contribution)

**3**
NAME OF AUTHOR:
Was this author's contribution to the work a "work made for hire"?    Yes......    No......

DATES OF BIRTH AND DEATH:
Born .......... Died ..........
(Year)  (Year)

AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of ...................... } or { Domiciled in ......................
(Name of Country)                      (Name of Country)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous?    Yes...... No......
Pseudonymous?    Yes...... No......
If the answer to either of these questions is "Yes," see detailed instructions attached.

AUTHOR OF: (Briefly describe nature of this author's contribution)

**③ Creation and Publication**

YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED:

Year 1980

(This information must be given in all cases.)

DATE AND NATION OF FIRST PUBLICATION:
Date December 3, 1980
(Month)  (Day)  (Year)
Nation United States of America
(Name of Country)
(Complete this block ONLY if this work has been published.)

**④ Claimant(s)**

NAME(S) AND ADDRESS(ES) OF COPYRIGHT CLAIMANT(S):
PRAEXIS PRODUCTIONS, Generally Known Alternate Known Designation For ATLAS FILMS INC.
738 Eighth Avenue
New York, New York 10036

TRANSFER: (If the copyright claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.)

---

• Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• Follow detailed instructions attached    • Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages

Case 1:07-cv-05441-DLC   Document 16   Filed 08/23/2007   Page 22 of 27

PA 1    153-829

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED ADDITIONAL SPACE, USE CONTINUATION SHEET (FORM PA/CON)**

**PREVIOUS REGISTRATION:**

- Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?  Yes .......... No  X

- If your answer is "Yes," why is another registration being sought?  (Check appropriate box)
  - ☐ This is the first published edition of a work previously registered in unpublished form.
  - ☐ This is the first application submitted by this author as copyright claimant.
  - ☐ This is a changed version of the work, as shown by line 6 of the application.

- If your answer is "Yes," give: Previous Registration Number .................... Year of Registration ............

**⑤** Previous Registration

**COMPILATION OR DERIVATIVE WORK:** (See instructions)

PREEXISTING MATERIAL: (Identify any preexisting work or works that the work is based on or incorporates.)
.................................................................

MATERIAL ADDED TO THIS WORK: (Give a brief, general statement of the material that has been added to this work and in which copyright is claimed.)
.................................................................

**⑥** Compilation or Derivative Work

**DEPOSIT ACCOUNT:** (If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.)

Name: Amster, Rothstein & Engelberg

Account Number: DA-055069

**CORRESPONDENCE:** (Give name and address to which correspondence about this application should be sent.)

Name: Philip H. Gottfried, Esq.
Amster, Rothstein & Engelberg
Address: 90 Park Avenue ............................ (Apt.)
New York, New York  10016
(City)        (State)        (ZIP)

**⑦** Fee and Correspondence

**CERTIFICATION:** ✱ I, the undersigned, hereby certify that I am the: (Check one)
☐ author ☐ other copyright claimant ☐ owner of exclusive right(s) ☒ authorized agent of: ATLAS FILMS, INC.
(Name of author or other copyright claimant, or owner of exclusive right(s))
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Handwritten signature: (X) _____

Typed or printed name: Philip H. Gottfried   Date 11/08/82

**⑧** Certification (Application must be signed)

**MAIL CERTIFICATE TO**

Philip H. Gottfried, Esq.
AMSTER, ROTHSTEIN & ENGELBERG
90 Park Avenue
(Number, Street and Apartment Number)
New York, New York  10016
(City)        (State)        (ZIP code)

(Certificate will be mailed in window envelope)

**⑨** Address For Return of Certificate

✱ 17 U.S.C. §506(e) FALSE REPRESENTATION – Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409 or in any written statement filed in connection with the application, shall be fined not more than $2,500.
☆ U.S. GOVERNMENT PRINTING OFFICE: 1980-311-425/12

Aug. 1980—50

Exhibit B

FORM PA

UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

PA    102-588

PA    PAU

EFFECTIVE DATE OF REGISTRATION

Apr.    14    1981
(Month)    (Day)    (Year)

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE CONTINUATION SHEET (FORM PA/CON)

**(1) Title**

TITLE OF THIS WORK:

THAT LUCKY STIFF

NATURE OF THIS WORK: (See instructions)

Motion Picture Film

PREVIOUS OR ALTERNATIVE TITLES:

**(2) Author(s)**

IMPORTANT: Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). If any part of this work was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates blank.

**1**

NAME OF AUTHOR:

Chuck Vincent

Was this author's contribution to the work a "work made for hire"?    Yes XX    No . . .

DATES OF BIRTH AND DEATH:

Born . . . . . . .    Died . . . . . .
(Year)    (Year)

AUTHOR'S NATIONALITY OR DOMICILE:

Citizen of . . U . S . A .        or    Domiciled in . . . . . . . . . . . . . . . . .
(Name of Country)    (Name of Country)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:

Anonymous?    Yes    No  XX
Pseudonymous?    Yes    No . XX

AUTHOR OF: (Briefly describe nature of this author's contribution)

Writer, Producer, Director

If the answer to either of these questions is "Yes," see detailed instructions attached.

**2**

NAME OF AUTHOR:

Was this author's contribution to the work a "work made for hire"?    Yes. . . . .    No . . . .

DATES OF BIRTH AND DEATH:

Born . . . . . .    Died . . . . . .
(Year)    (Year)

AUTHOR'S NATIONALITY OR DOMICILE:

Citizen of . . . . . . . . . .    or    Domiciled in . . . . . . . . . . . . . . . . .
(Name of Country)    (Name of Country)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:

Anonymous?    Yes    No
Pseudonymous?    Yes . .    No . .

AUTHOR OF: (Briefly describe nature of this author's contribution)

If the answer to either of these questions is "Yes," see detailed instructions attached.

**3**

NAME OF AUTHOR:

Was this author's contribution to the work a "work made for hire"?    Yes. . . . .    No . . . .

DATES OF BIRTH AND DEATH:

Born . . . . . .    Died . . . . . .
(Year)    (Year)

AUTHOR'S NATIONALITY OR DOMICILE:

Citizen of . . . . . . . . . .    or    Domiciled in . . . . . . . . . . . . . . . . .
(Name of Country)    (Name of Country)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:

Anonymous?    Yes . .    No . .
Pseudonymous?    Yes . .    No

AUTHOR OF: (Briefly describe nature of this author's contribution)

If the answer to either of these questions is "Yes," see detailed instructions attached.

**(3) Creation and Publication**

YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED:

Year. . 1981. .

(This information must be given in all cases.)

DATE AND NATION OF FIRST PUBLICATION:

Date.  *  April . . .    . . 1. . .    1981 . .
(Month)    (Day)    (Year)

Nation . . . . U . S . A . . . . . . . . . . . .
(Name of Country)

(Complete this block ONLY if this work has been published.)

**(4) Claimant(s)**

NAME(S) AND ADDRESS(ES) OF COPYRIGHT CLAIMANT(S):

Mature Pictures Corp.
356 W. 44 St .
New York, N.Y . 10036
U. S. A.

TRANSFER: (If the copyright claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.)

*  * By Agreement

• Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• Follow detailed instructions attached    • Sign the form at line 8

DO NOT WRITE HERE

Page 1 of . . 2. . pages

\* Year date in notice: MCMLXXX
\*\* Added by C.O. authority telephone call
with Gary Palmucci on 5/5/81

CHECKED BY

CORRESPONDENCE ☑ Yes

DEPOSIT RECEIVED  1 2 MAY 1981

DEPOSIT ACCOUNT FUNDS USED ☐

REMITTANCE NUMBER AND DATE

209102 APR148

FOR COPYRIGHT OFFICE USE ONLY

PA  102-588

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED ADDITIONAL SPACE, USE CONTINUATION SHEET (FORM PA/CON)**

**PREVIOUS REGISTRATION:**

- Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?  Yes . . . . . . .  No . . Xx

- If your answer is "Yes," why is another registration being sought?  (Check appropriate box)
  - ☐ This is the first published edition of a work previously registered in unpublished form.
  - ☐ This is the first application submitted by this author as copyright claimant.
  - ☐ This is a changed version of the work, as shown by line 6 of the application.

- If your answer is "Yes," give: Previous Registration Number . . . . . . . . . . . . . . . Year of Registration . . . . . . . . .

**⑤** Previous Registration

**COMPILATION OR DERIVATIVE WORK:** (See instructions)

PREEXISTING MATERIAL: (Identify any preexisting work or works that the work is based on or incorporates.)
. . . . . none . . . . . .

MATERIAL ADDED TO THIS WORK: (Give a brief, general statement of the material that has been added to this work and in which copyright is claimed.)
. . . . . none . . . . .

**⑥** Compilation or Derivative Work

**DEPOSIT ACCOUNT:** (If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.)

Name: . . . . . . . . . . . . . . . . . . .

Account Number: . . . . . . . . . . . . .

**CORRESPONDENCE:** (Give name and address to which correspondence about this application should be sent.)

Name:  Mature Pictures Corporation

Address:  356 W. 44 St.

New York      N.Y.      10036
(City)      (State)      (ZIP)

**⑦** Fee and Correspondence

**CERTIFICATION:** \* I, the undersigned, hereby certify that I am the: (Check one)
☐ author ☐ other copyright claimant ☐ owner of exclusive right(s) ☑ authorized agent of:  Mature Pictures Corp.
(Name of author or other copyright claimant, or owner of exclusive right(s))
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Handwritten signature: (X) . . . . . . . . . . . . .

Typed or printed name:  Robert R. Sumner . . . . . . Date  4.8.81

**⑧** Certification (Application must be signed)

MATURE PICTURES CORPORATION
(Name)
356 WEST 44 Street
(Number, Street and Apartment Number)
New York    N.Y.    (ZIP code)  10036
(City)    (State)

MAIL CERTIFICATE TO
(Certificate will be mailed in window envelope)

**⑨** Address For Return of Certificate

\* 17 U.S.C. §506(e) FALSE REPRESENTATION - Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

☆U.S. GOVERNMENT PRINTING OFFICE 1978-261-022/19

Sept. 1978 - 200,000

certify that the within has been compared by me with the original and found to be a true and complete copy.

state that I am the attorney(s) of record for                                                  in the within action; I have read the foregoing                                          and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.
Dated:

.............................................................
*The name signed must be printed beneath*

STATE OF NEW YORK, COUNTY OF                                        ss.:
I, the undersigned, being duly sworn, depose and say: I am
☐ Individual Verification    in the action; I have read the foregoing
and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.
☐ Corporate Verification    the                                of
a                                        corporation and a party in the within action; I have read the foregoing
and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.
The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on

.............................................................
*The name signed must be printed beneath*

STATE OF NEW YORK, COUNTY OF          New York          ss.:          (If more than one box is checked—indicate after names type of service used.)
I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at          New York, N.Y.

On    August 23, 2007          I served the within Amended Complaint
☐ Service By Mail    by mailing a copy to each of the following persons at the last known address set forth after each name below.
☐ Personal Service on Individual    by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein*:
☑ Service by Electronic Means    by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.
☐ Overnight Delivery Service    by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.

TO:    Edward S. Rudofsky, Esq.
       ZANE and RUDOFSKY
       601 West 26th Street
       New York, New York 10001
       (erudofsky@zrlex.com)

Sworn to before me on

August 23, 2007

DOMINIC CURCIO
Notary Public, State of New York
No. 02CU600832
Qualified in Queens County
Commission Expires May 10, 20___

.............................................................
*The name signed must be printed beneath*
H. Nicholas Goodman

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Index No.                    Year

---

EVART ENTERPRISES, INC.,

Civil Action No.:
07 Civ. 5441

Plaintiff,

-against-

GENTLEMEN'S VIDEO, INC., MICHAEL ESPOSITO,
individually and in his corporate capacity, SCOTT ESPOSITO,
individually and in his corporate capacity,

---

**AMENDED COMPLAINT**

---

**QUIRK AND BAKALOR, P.C.**

*Attorney(s) for* Plaintiff

*Office and Post Office Address, Telephone*

845 Third Avenue
NEW YORK, NEW YORK 10022
(212) 319-1000

---

To

Signature (Rule 130-1.1-a)

Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

Attorney(s) for

---

**PLEASE TAKE NOTICE:**

☐ NOTICE OF ENTRY

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order                                              of which the within is a true copy
will be presented for settlement to the HON.             one of the judges of the
within named Court, at
on                          at              M.

Dated,

Yours, etc.

**QUIRK AND BAKALOR, P.C.**