UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

EVART ENTERPRISES, INC.,                              :

                                Plaintiff,        :         Docket No. 07 CV 5441
                                                                           (DLC) (DFE)

  - against -                                                     :

GENTLEMEN'S VIDEO, INC., et al.,              :         **DECLARATION OF
                                                                                   EDWARD S. RUDOFSKY**

                                Defendants.     :

------------------------------------------------------------X

       **EDWARD S. RUDOFSKY** hereby declares the following to be true under the penalty of perjury:

       1.    I am a member of the firm of Zane and Rudofsky, attorneys for defendants, Gentlemen's Video, Inc., Michael Esposito and Scott Esposito; am fully familiar with the matters set forth herein; and submit this declaration in support of defendant's motion for an Order dismissing or staying the above-captioned action in the exercise of the Court's retained jurisdiction and discretion pursuant to paragraph 4 of the Permanent Judgment and Permanent Injunction ("Permanent Injunction") entered in <u>Evart Enterprises, Inc. v. Gentlemen's Video, Inc.</u>, Docket No. 06 CV 13207 (DLC) (DFE) ("Prior Action"), and granting defendants such other, further and different relief as is just, necessary and proper.

2. The Prior Action, which was commenced in November, 2006, was promptly settled by a Settlement Agreement "so ordered" by this Court on February 13, 2007 (Exhibit A) and the Permanent Injunction (Exhibit B).

3. The Permanent Injunction provides, in pertinent part, that:

> The Court shall retain jurisdiction of the within action to entertain <u>such further proceedings</u> and to enter such further orders as may be <u>necessary or appropriate to implement and/or enforce the provisions of this Permanent Order and Permanent Injunction and Settlement Agreement</u>. [Emphasis added.]

4. By letter dated March 29, 2007 (Exhibit C), plaintiff's counsel notified me of certain alleged breaches of the Settlement Agreement and violations of the Permanent Injunction.

5. After investigation of the matters set forth in plaintiff's counsel's letter of March 29, 2007, defendants immediately filed an Affidavit of Compliance on April 3, 2007 (Exhibit D) and I thereafter responded on behalf of defendants by letter dated April 26, 2007 (Exhibit E), in which I detailed the steps taken by defendants to comply with the Settlement Agreement and the Permanent Injunction.

6. Plaintiff did not accept defendants' steps as sufficient to address the alleged breaches of the Settlement Agreement and Permanent Injunction. However, rather than seek its remedies under those instruments (as counsel for plaintiff stated in his letter of March 29, 2007), plaintiff, through counsel, advised me of plaintiff's intention to commence a new, second plenary suit for damages and other relief.

7. I immediately wrote to this Court (Exhibit F) to request a conference, however, before a conference could be held, plaintiff commenced this action, alleging the very same acts and omissions as were asserted in the March 29, 2007 letter to be violations of the Permanent Injunction.

8. Upon review of the Complaint in this action, I ascertained that plaintiff had failed to allege that the exclusive rights to the copyrighted material in question had been assigned to plaintiff in writing, as is clearly required by applicable law. Accordingly, defendants moved to dismiss this action on that ground.

9. In response, plaintiff's counsel asserted in an email transmitted on August 3, 2007, that plaintiff, in fact, had such a written assignment (Exhibit G), but plaintiff subsequently served an Amended Complaint to which it attached a written assignment dated August 23, 2007 - - the very day the Amended Complaint was served - - thereby establishing beyond peradventure of doubt that (a) plaintiff had no standing to claim an infringement on March 29, 2007, when its counsel alleged that the Settlement Agreement of Settlement and Permanent Injunction had been violated, (b) plaintiff had no standing to claim an infringement on June 7, 2007, when it commenced this new action, and (c) the assertion that plaintiff had a written assignment of the exclusive rights to the copyrighted material as of August 3, 2007 - - the date of plaintiff's counsel's email - - was, at best, inaccurate when made.

11.  Defendants deny knowingly violating the Permanent Injunction and believe that they were entitled to cure any alleged violations and have done so to the best of their ability.

12.  Furthermore, to the extent, if at all, that plaintiffs claim that defendants have violated the Permanent Injunction, defendants believe that such claims should be subject to summary enforcement proceedings and appropriate further remedy as determined by this Court, rather than in a plenary action such as commenced by plaintiff.

13.  Annexed as Exhibit H hereto is a true and correct copy of the Transcript of the Proceedings herein before Magistrate Judge Eaton on September 11, 2007, *inter alia,* staying all discovery pending the determination of this motion by this Court. The transcript is replete with references to the possibility that this Court will dismiss or stay this action upon this motion. In that regard, the Court's attention is directed to the following observations by the Magistrate Judge, which succinctly make the point:

> THE COURT: * * * I think Judge Cote is going to be the one who is going to decide whether this second case can proceed . . . .
>
> * * *
>
> MR. GOODMAN: Well, I am having a hard time understanding what the grounds of the motion would be; that a motion to dismiss a complaint that alleges two copyrighting infringements on the grounds that that case cannot proceed because a prior settlement was entered and the remedy should be pursued under that settlement?
>
> THE COURT: I think that's essentially it and Judge Cote may agree or disagree but that's her call. She may for all I know feel that the whole point of that Permanent order that she signed was to handle situations like this. On the other hand, she may agree with plaintiff that it's plaintiff's

right to pursue this as a new lawsuit without calling it a violation of the old Permanent agreement . . . .

*   *   *

THE COURT: * * * <u>It seems to me logical that the first question is the one that will have to be decided by Judge Cote as to whether this is being handled solely as a contempt</u> or as plaintiff would prefer it, a complete second action . . . .

*   *   *

THE COURT: Well, you know, I don't know what Judge Cote is going to say and I don't know exactly what argument Mr. Rudofsky is going to make but <u>suppose Judge Cote says, I have some familiarity with this case and I think that the $75,000.00 was to bring about a regime where future disputes would be handled as governed by the Permanent decree and that the extra money may have had various different purposes but one purpose was sort of to persuade Evart to not bring a lawsuit every time they were seeing something on the internet or offered for sale and instead to channel itself into the context of the Permanent decree, possibly amending the Permanent decree from time-to-time</u> . . . . [Emphases added.]

14.  Under the circumstances, it is respectfully submitted this action should be dismissed or stayed.

15.  I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, New York
on the 11th day of October, 2007.

_____
Edward S. Rudofsky (ER-9037)