UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

EVART ENTERPRISES, INC., :

                Plaintiff, :  Docket No. 07 CV 5441
                                           (DLC) (DFE)

- against - :

GENTLEMEN'S VIDEO, INC., et al., :  **DECLARATION OF**
                                              **MICHAEL ESPOSITO**
                Defendants. :

-----------------------------------------------------------X

**MICHAEL ESPOSITO**, hereby states as follows:

1. I am a defendant herein and the President of the corporate defendant, Gentlemen's Video, Inc. I am united in interest with the corporate defendant, as well as my co-defendant, Scott Esposito, who is my son and Vice President of the Corporation.

2. I submit this declaration in support of the motion to dismiss or stay this action in the exercise of the Court's retained jurisdiction and discretion pursuant to paragraph 4 of the consent judgment and permanent injunction ("Permanent Injunction") entered in Evart Enterprises, Inc. v. Gentlemen's Video, Inc., Docket No. 06 CV 13207 (DLC) (DFE) and to grant such other, further and different relief as is just, necessary and proper.

3. I have read the moving declaration of defendants' attorney herein, Edward S. Rudofsky, dated October 11, 2007, and, together with the exhibits thereto, and affirm the accuracy of factual statements set forth therein, particularly the numeration in Mr.

Rudofsky's letter of April 26, 2007 (Exhibit "E") and the steps taken to that point in time to comply with the Settlement Agreement and Permanent Injunction.

4. Defendants have continued the program of enforcement actions, as set forth in the April 26, 2007 letter, through the present.

5. Defendants have, to date, expended in excess of $5,000 and 100 hours of time to police compliance with the Permanent Injunction in good faith.

6. In addition, by reason of the discontinuance of the Golden Age of Porn line (60 titles), I estimate that Gentlemen's Video, Inc. has lost in excess of $150,000 in gross income.

7. Defendants acquired the allegedly newly infringing material from a reputable source and respectfully deny any knowing violation of the Permanent Injunction.

8. In entering into the Settlement Agreement and Permanent Injunction, it was defendants' understanding that we were "buying peace" with plaintiff. We agreed to pay a significant sum of money ($75,000.00), way beyond the damages we believed plaintiff incurred or could have recovered, in order to both avoid expensive litigation and to establish a framework within which any further claims by plaintiff would be subject to summary review by the Court.

9. We did not intend, and did not expect, that alleged acts or omissions on our part which, if they occurred, would be violations of the Settlement Agreement or the Permanent Injunction, would be the subject of multiple lawsuits, with the attendant time and expense, including exposure to plaintiff's attorney for statutory fees.

10. We believe that we have conducted ourselves in a reasonable manner and can respond to any criticism which plaintiff may level. Furthermore, we are willing and have repeatedly offered to modify our "policing efforts" to satisfy any reasonable request by plaintiff in that regard. However, plaintiff has refused to work with us to "police" the previous settlement and has, instead conducted itself in what we feel is a most unfair and unreasonable manner, as detailed in Mr. Rudofsky's declaration and, exposes us to additional liability, particularly for its lawyers' fees, which we did not bargain for.

11. Defendants accordingly request that the Court exercise its retained jurisdiction and in the exercise of discretion dismiss or stay this new lawsuit. If plaintiff in fact believes that we have violated its rights under the Settlement Agreement or Permanent Injunction, its remedy is to seek to hold us in contempt and to permit the Court to deal with the issues in a summary fashion.

12. I hereby declare the foregoing to be true under the penalty of perjury.

**WHEREFORE**, declarant urges the Court to enter an Order dismissing or staying the above-captioned action, together with such other, further and different relief as is just, necessary and proper.

Executed at Chatsworth, California
on the 12th day of October, 2007.

_____
Michael Esposito