# EXHIBIT "C"

## QUIRK AND BAKALOR, P.C.
COUNSELORS AT LAW
845 THIRD AVENUE
NEW YORK, N.Y. 10022-6601

(212) 319-1000
FAX (212) 319-1065

RICHARD H. BAKALOR
STEPHEN K. BLUNDA
JEFFREY J. ELLIS
RICHARD M. FREIMAN †
SCOTT P. TAYLOR
H. NICHOLAS GOODMAN
TIMOTHY J. KEANE
LORETTA A. REDMOND
DOMINIC S. CURCIO
STEVEN A. LEE

DEBRA E. SEIDMAN
ANOUSHKA S. BAYLEY
BRIAN P. SEXTON ††
DONNA H. BAKALOR †††∆
LIZA R. FLEISSIG
TODD A. PARADEIS
STEVE M.S. MADRA
GLORIA B. DUNN
DARA L. ROSENBAUM ††

CHARLES M. HENDERSON III †††
SIMONE S. KIM
TAMIKA N. HARDY ††
LUKE S. BASSIS ††
JOEL M. MAXWELL
ROBERT B. ACKER
JILL E. SODAFSKY
JEANNE M. BOYLE ††

WESTCHESTER OFFICE
1299 NORTH AVENUE
NEW ROCHELLE, N.Y. 10804

ROBERT E. QUIRK
OF COUNSEL

† ALSO ADMITTED IN FLORIDA
†† ALSO ADMITTED IN NEW JERSEY
††† ALSO ADMITTED IN MASSACHUSETTS
∆ ALSO ADMITTED IN MINNESOTA

March 29, 2007

VIA ELECTRONIC AMIL AND FEDERAL EXPRESS

Edward S. Rudofsky, Esq.
ZANE and RUDOFSKY
601 West 26th Street
New York, New York 10001

Re: **NOTICE OF DEFAULT**
Evart Enterprises v. Gentlmen's Video, et al.
06 Civ. 13207 (DLC)

Dear Ed,

Please be advised that Gentlemen's Video, Inc., Michael Esposito individually and in his corporate capacity, and Scott Esposito individually and his corporate capacity (collectively hereinafter "Gents") have violated the Consent Order and Permanent Injunction that was "So Ordered" by Judge Cote on February 13, 2007. Specifically, Gents violated Paragraph "1(c)" of the Consent Order and Permanent Injunction by infringing Evart's exclusive rights in certain motion pictures (other than "Deep Inside Annie Sprinkle") by copying portions of those motion pictures and offering them for sale and selling them.

Evart intends to bring this matter to Judge Cote's attention forthwith and reserves its rights to seek all appropriate remedies, including remedies for contempt.

I also note that pursuant to the Consent Order and Permanent Injunction, Paragraph "2(a)," Gents was to deliver the "Recall Notice" annexed to the Consent Order and Permanent Injunction as Exhibit "A" to each of Gents' customers, with "copy to Evart." Evart has not received copies of any Recall Notices sent by Gents to Gents' customers concerning Gents' Annie Sprinkles titles.

QUIRK AND BAKALOR, P.C.

    Further, Paragraph "2(a)" of the Consent Order and Permanent Injunction required Gents to "serve and file an affidavit of compliance within thirty (30) days hereof." Evart has not received any such affidavit and we can find no evidence that such an affidavit was filed with the Court.

    Please also be advised that Evart has not received any videodiscs, videotapes, computer files and DVDs of the motion pictures "The Golden Age of Porn: Annie Sprinkles Volume 1" and "The Golden Age of Porn: Annie Sprinkles Volume 2" returned to Gents by its customers pursuant to the "Recall Notice" as directed in Paragraph "2(b)" of the Consent Order and Permanent Injunction.

    This will also serve as formal notice that Gents is in material breach of the Settlement Agreement entered with Evart Enterprises, Inc. ("Evart") on January 30, 2007. Gents' violations of the Consent Order and Permanent Injunction, mentioned above, constitute material violations of the Settlement Agreement. Evart reserves its rights to enter Judgment against Gentlemen's Video, Inc., Michael Esposito and Scott Esposito pursuant to the terms of the Settlement Agreement.

    Please contact me at your earliest convenience to discuss these important matters.

                                        Very truly yours,

                                        H. Nicholas Goodman