# EXHIBIT "E"

# ZANE AND RUDOFSKY
*Attorneys and Counsellors at Law*

THE STARRETT LEHIGH BUILDING
601 WEST 26TH STREET
NEW YORK 10001

(212) 245-2222

FAX (212) 541-5555 • VOICEMAIL (212) 541-4444
E-MAIL info@zrlex.com • WEBSITE http://www.zrlex.com

April 26, 2007

**VIA E-MAIL**

H. Nicholas Goodman, Esq.
Evart Enterprises Inc.
845 Third Avenue
New York, New York 10022

      Re:    **Evart Enterprises Inc. v.
Gentlemen's Video Inc., et al.
06 CV 13207 (DLC)**

Dear Nick:

    I am formally responding to your letter of March 29, 2007, and following up on our intervening emails and telephone conversations.

    Initially, I note that the April installment payment has been made and the Affidavit of Compliance served and filed. Also, it is my understanding that Gent's received two returns from customers and sent those directly to your client, but they were returned to Gent's as "Undeliverable/Addressee Unknown." Accordingly, Gent's has now forwarded those items to me. I will FedEx them to you tomorrow, for delivery on Monday.

    I now turn to what I believe is at the heart of your letter: the alleged infringement of Evart's copyright in certain scenes other than those involved in the films which were the basis of the previously settled claim. Subsequent to sending your March 29th letter, you advised me on April 19, 2007, that the scenes in question were included in The Golden Age of Porn: Veronica Hart ("Hart") and The Golden Age of Porn: Samantha Fox ("Fox"). Specifically, that Hart includes "3 or 4 scenes" allegedly copyrighted by Evart, and Fox includes one such scene.

ZANE AND RUDOFSKY

     My clients advise me that Gent's licensed these scenes from Mr. Edward DePriest, a reputable source, in reasonable reliance on a representation that he had the right to license these materials or that they were in the public domain (as the case may be).

     Even prior to receipt of your March 29th letter, upon first learning of your's client's new claim of infringement, my clients voluntarily took the following actions:

1. Discontinued distribution of the entire "Golden Age of Porn" series.

2. Emailed all seventeen (17) video-on-demand (VOD) and online vendors with whom Gent's does business, requesting them to cease offering the entire "Golden Age of Porn" series for viewing or download. These emails were sent on March 26 and March 28. Steven Morowitz and Jamie Horne, whom we understand to be employees or agents of your client, were cc'd on all of these emails. As of this date, sixteen (16) of the seventeen (17) vendors have confirmed in writing that they have complied (or are in the process of complying) with Gent's request.

3. The one non-compliant site, AdultRental.com, advised Gent's that it could not comply due to a distribution agreement it had signed with a third-party (Holiday Pictures). Morowitz and Horne were cc'd and/or bcc'd on the emails concerning this site.

4. On March 29, 2007, hired an outside consultant, with thirty (30) years of experience in the industry, to review all of the titles in the Golden Age of Porn series for copyrighted material. Thus far ninety (90) out of one hundred eighty-six (186) scenes have been reviewed. It is estimated that the balance of the scenes will be reviewed by May 15, 2007.

5. On April 2, 2007, Gent's emailed a draft notice, stating "EFFECTIVE IMMEDIATELY THE GOLDEN AGE OF PORN SERIES WILL NOT BE AVAILABLE FOR SALE" to Morowitz and Horne for approval. Thereafter, on April 4, 2007, Gent's faxed and emailed the notice to one hundred fifty-seven (157) retail

ZANE AND RUDOFSKY

      stores, distributors and online vendors who had previously purchased the Golden Age of Porn series from Gent's.

6. Beginning on March 29th and continuing through at least April 20th, both Michael and Scott Esposito and other members of their staff have made at least seventy-five (75) to one hundred (100) initial and follow-up personal telephone calls to assure that the Golden Age of Porn is not being distributed.

7. On April 19th, Gent's received an order from a vendor for a Golden Age of Porn "4-pack." Michael Esposito immediately contacted the customer, reiterated that this line has been withdrawn, and obtained a commitment to return any inventory in the customer's possession.

      In sum, Gent's has not knowingly violated Evart's copyright in the Hart and Fox scenes and, once the alleged infringement was called to its intention, informally and prior to your letter, it commenced and has proceeded diligently to withdraw the entire line from the market and employ a reputable consultant to confirm the copyright status of each scene (including the overwhelming majority that your client has not challenged). Furthermore, Gent's took these actions with the understanding that it was cooperating with your client and had the approval of Morowitz and Horne.

      In light of the foregoing, your assertions of a violation of the Consent Order & Permanent Injunction and a material default under the Settlement Agreement are denied and any attempt to enter Judgment will be vigorously resisted. Please consult with your client and advise me of your intentions in this regard so that I may take such steps as are necessary or appropriate to defend the interests of my clients.

      Furthermore, under the circumstances, we do not believe your request that our clients immediately pay your client a substantial sum to "settle" this new claim of infringement is justified. On the other hand, and as indicated by the above, we are more than willing to continue to consult with you and your client and pursue any different or additional compliance steps which you may feel are required and can be agreed upon at this time.

      We are also more than willing to join you in requesting a conference with Judge Cote to discuss the nature and extent of the infringements which

ZANE AND RUDOFSKY

Evart presently alleges; the nature and extent of Gent's compliance efforts; and your demand for an additional payment. If you wish to bring these matters to the attention of Her Honor, please let me know so that we can jointly contact the Court and arrange for a conference.

The foregoing is without prejudice to any of the rights of our clients, none of which are waived.

Sincerely,

Edward S. Rudofsky

cc: Mr. Michael Esposito
Mr. Scott Esposito
Gentlemen's Video Inc.

4