UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

EVART ENTERPRISES, INC.,                  :

                       Plaintiff,   :   Docket No. 07 CV 5441
                                         (DLC) (DFE)

   - against -                              :

GENTLEMEN'S VIDEO, INC., et al.,          :

                      Defendants.   :

------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS OR STAY ACTION**

This memorandum of law is submitted on behalf of defendants, Gentlemen's Video, Inc., Michael Esposito and Scott Esposito, in support of defendant's motion for an Order dismissing or staying the above-captioned action in the exercise of the Court's retained jurisdiction and discretion pursuant to paragraph 4 of the Permanent Judgment and Permanent Injunction ("Permanent Injunction") entered in Evart Enterprises, Inc. v. Gentlemen's Video, Inc., Docket No. 06 CV 13207 (DLC) (DFE) ("Prior Action"), and granting defendants such other, further and different relief as is just, necessary and proper.

## **RELEVANT FACTS**

The Prior Action, which was commenced in November, 2006, was promptly settled by a Settlement Agreement "so ordered" by this Court on February 13, 2007 (Exhibit A) and the Permanent Injunction (Exhibit B).

The Permanent Injunction provides, in pertinent part, that:

> The Court shall retain jurisdiction of the within action to entertain <u>such further proceedings</u> and to enter such further orders as may be <u>necessary or appropriate to implement and/or enforce the provisions of this Permanent Order and Permanent Injunction and Settlement Agreement</u>. [Emphasis added.]

By letter dated March 29, 2007 (Exhibit C), plaintiff's counsel notified defendants' counsel of certain alleged breaches of the Settlement Agreement and violations of the Permanent Injunction.

After investigation of the matters set forth in plaintiff's counsel's letter of March 29, 2007, defendants immediately filed an Affidavit of Compliance on April 3, 2007 (Exhibit D) and defendants' counsel thereafter responded on behalf of defendants by letter dated April 26, 2007 (Exhibit E), in which defendants' counsel detailed the steps taken by defendants to comply with the Settlement Agreement and the Permanent Injunction.

Plaintiff did not accept defendants' steps as sufficient to address the alleged breaches of the Settlement Agreement and Permanent Injunction. However, rather than seek its remedies under those instruments (as counsel for plaintiff stated in his letter of March 29, 2007), plaintiff, through counsel, advised defendants' counsel of plaintiff's intention to commence a new, second plenary suit for damages and other relief.

Defendants' counsel immediately wrote to this Court (Exhibit F) to request a conference, however, before a conference could be held, plaintiff commenced this action, alleging the very same acts and omissions as were asserted in the March 29, 2007 letter to be violations of the Permanent Injunction.

Upon review of the Complaint in this action, defendants' counsel moved to dismiss on the ground that plaintiff had failed to allege that the exclusive rights to the copyrighted material in question had been assigned to plaintiff in writing, as is clearly required by applicable law.

In response, plaintiff's counsel asserted in an email transmitted to defendants' counsel on August 3, 2007, that plaintiff, in fact, had such a written assignment (Exhibit G), but plaintiff subsequently served an Amended Complaint to which it attached a written assignment dated August 23, 2007 - - the very day the Amended Complaint was served - - thereby establishing by its own pleading

that (a) plaintiff had no standing to claim an infringement on March 29, 2007, when its counsel alleged that the Settlement Agreement of Settlement and Permanent Injunction had been violated, (b) plaintiff had no standing to claim an infringement on June 7, 2007, when it commenced this new action, and (c) the assertion that plaintiff had a written assignment of the exclusive rights to the copyrighted material as of August 3, 2007 - - the date of plaintiff's counsel's email - - was, at best, inaccurate when made.

Defendants deny knowingly violating the Permanent Injunction and assert that they believe that they were entitled to cure any alleged violations and have done so to the best of their ability.

Furthermore, to the extent, if at all, that plaintiffs claim that defendants have violated the Permanent Injunction, defendants believe that such claims should be subject to summary enforcement proceedings and appropriate further remedy as determined by this Court, rather than in a plenary action such as commenced by plaintiff.

In support of this claim, defendants assert, among other things, that:

- Defendants have, to date, expended in excess of $5,000 and 100 hours of time to police compliance with the Permanent Injunction in good faith.

- In addition, by reason of the discontinuance of the Golden Age of Porn line (60 titles), defendant Gentlemen's Video, Inc. has lost in excess of $150,000 in gross income.

- Defendants acquired the allegedly newly infringing material from a reputable source and deny any knowing violation of the Permanent Injunction.

- In entering into the Settlement Agreement and Permanent Injunction, it was defendants' understanding that they were "buying peace" with plaintiff.

- Defendants agreed to pay a significant sum of money ($75,000.00), way beyond the damages defendants believed plaintiff incurred or could have recovered, in order to both avoid expensive litigation and to establish a framework within which any further claims by plaintiff would be subject to summary review by the Court.

- Defendants did not intend, and did not expect, that alleged acts or omissions on defendants part which, if they occurred, would be violations of the Settlement Agreement or the Permanent Injunction, would be the subject of multiple lawsuits, with the attendant time

and expense, including exposure to plaintiff's attorney for statutory fees.

- Defendants believe that they have conducted themselves in a reasonable manner and can respond to any criticism which plaintiff may level.

- Defendants are willing and have repeatedly offered to modify our "policing efforts" to satisfy any reasonable request by plaintiff in that regard. However, plaintiff has refused to work with defendants to "police" the previous settlement and has, instead conducted itself in what defendants feel is a most unfair and unreasonable manner, exposing defendants to additional liability, particularly for its lawyers' fees, which defendants did not bargain for.

At a conference on September 11, 2007, the Magistrate Judge *inter alia,* stayed all discovery pending the determination of this motion by this Court, and specifically noted, several times, that it was up to this Court to determine whether this second case can proceed.

## ARGUMENT

### THE COURT HAS THE POWER TO DISMISS OR STAY THIS ACTION PURSUANT TO EITHER OR BOTH ITS "RETAINED JURISDICTION" OR THE ALL WRITS ACT

This Court has ample jurisdiction to dismiss or stay this suit, pursuant to either or both (a) its "retained jurisdiction" to "enter such further orders as may be necessary or appropriate to implement and/or enforce the provisions of this Permanent Order and Permanent Injunction and Settlement Agreement," as expressly provided in paragraph 4 of the Permanent Injunction, and (b) the All Writs Act, 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.") See U.S. v. Norton, 640 F.Supp. 1257 (D.Colo. 1986) ("retained jurisdiction" and the All Writs Act are alternative sources of power over subsequent proceedings).

As explained in Ryan v. Dow Chemical Co., 781 F.Supp. 902 (E.D.N.Y. 1991) (Weinstein, *D.J.*):

> A federal court retains the power to enforce and to consider challenges to settlements entered into in cases originally filed with the court. *See Fox v. Consolidated Rail Corp.,* 739 F.2d 929, 932 (3d Cir.1984), *cert. denied,* 469 U.S. 1190, 105 S.Ct. 962, 83 L.Ed.2d 968 (1985); *Pearson v. Ecological Science Corp.,* 522 F.2d 171 (5th Cir.1975), *cert. denied,* 425 U.S. 912, 96 S.Ct. 1508, 47 L.Ed.2d 762 (1976). If there is no independent basis for jurisdiction, absent some

special need of the parties, the settlement must have been "incorporated into an order of the court," *Fairfax Countywide Citizens Ass'n v. Fairfax County,* 571 F.2d 1299, 1303 (4th Cir.), *cert. denied,* 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978), or there must have been a "deliberate retention of jurisdiction, as by issuing an injunction or by stating that jurisdiction is retained for a particular purpose." *McCall-Bey v. Franzen,* 777 F.2d 1178, 1190 (7th Cir.1985); *see United SteelWorkers v. Libby, McNeil & Libby,* 895 F.2d 421, 423 (7th Cir.1990); *cf. Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1371 (6th Cir.) ("Even in those instances in which the court's original jurisdiction may have been questionable, it has jurisdiction over settlement agreements, the execution of which renders the prior controversy academic."), *cert. denied,* 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976).

* * *

The All-Writs Act, 28 U.S.C. § 1651(a), authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions...." *In re Baldwin-United Corp.,* 770 F.2d 328, 335 (2d Cir.1985); *see In re Joint E. & S. Dists. Asbestos Litig.,* 120 B.R. 648, 656 (E. & S.D.N.Y.1990); *In re Joint E. & S. Dist. Asbestos Litig.,* 134 F.R.D. 32, 37 (E. & S.D.N.Y.1990). The Act authorizes federal courts to exercise jurisdiction over persons " 'who ... are in a position to frustrate the implementation of a court order or the proper administration of justice.' " *Yonkers Racing Corp. v. City of Yonkers,* 858 F.2d 855, 863 (2d Cir.1988) (emphasis omitted) (quoting *Benjamin v. Malcolm,* 803 F.2d 46, 53 (2d Cir.1986)), *cert. denied,* 489 U.S. 1077, 109 S.Ct. 1527, 103 L.Ed.2d 833 (1989). The Act even permits a federal court to remove state court actions to federal court in situations where specific statutory removal authority is absent. *City of Yonkers,* 858 F.2d at 863; *see United States v. New York Tel.,* 434 U.S. 159, 172, 98 S.Ct. 364, 372, 54 L.Ed.2d 376 (1977).

## CONCLUSION

For all of the reasons set forth in the Rudofsky and Esposito Declarations, the Court should exercise its "retained jurisdiction" and/or its discretionary power under the All Writs Act to stay or dismiss this action and direct plaintiff to raise any claim of violation of the Permanent Injunction by appropriate application in the Prior Action.

**WHEREFORE,** the undersigned urges the Court to grant the within motion to dismiss or stay this action, together with such other, further and different relief as is just, necessary and proper.

Dated:      New York, New York
            October 12, 2007

                                    Yours, etc.,

                                    **ZANE and RUDOFSKY**
                                    *Attorneys for Defendants*
                                    The Starrett Lehigh Building
                                    601 West 26th Street, # 1111
                                    New York, NY  10001
                                    (212) 245-2222

                                    By: _____
                                        Edward S. Rudofsky (ER-9037)