UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

EVART ENTERPRISES, INC.,

                Plaintiff,

07 Civ. 5441

-against-

GENTLEMEN'S VIDEO, INC., MICHAEL
ESPOSITO, individually and in his corporate
capacity, and SCOTT ESPOSITO, individually and
in his corporate capacity,

                Defendants.
------------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION

QUIRK AND BAKALOR, P.C.
Attorneys for Plaintiffs
EVART ENTERPRISES, INC.
845 Third Avenue
New York, New York 10022
(212) 319-1000

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT..................................................................................... 1

ARGUMENT

    I.    Gents' Motion Has No Statutory Or Other Legal Basis.................... 1
    II.   Evart Did Not Agree To Limit Its Remedies.................................3
    III.  Evart Had Standing To Complain About Gents' Infringements
         And To Sue On Them..............................................................9

CONCLUSION .................................................................................................. 11

## TABLE OF AUTHORITIES

Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 167 L.Ed. 929 (2007).........2,11

Consarc Corp. v. Marine Midland Bank, N.A., 996 F.2d 568 (2nd Cir. 1993)......................4

Document Technologies, Inc. v. Willsea, 1999 WL 147730 (S.D.N.Y. 2003)....................7,8

Eden Toys, Inc., v. Florelee Undergarment Co., Inc., 364 F.2d 27 (2nd Cir. 1982).................10

Holloway v. King, 361 F.Supp.2d 351 (S.D.N.Y. 2005)....................................................4

Iconbazaar, L.L.C. v. America Online, Inc., 308 F.Supp.2d 630 (M.D.N.C. 2004) ...............11

In re: Hale Desk Co., 97 F.2d 372 (2nd Cir. 1938)..................................................5

Janneh v. GAF Corp., 887 F.2d 432 (2nd Cir. 1989)..................................................3

Moyna LLC v. Victoria's Secret Direct New York LLC, 2003 WL 21983032 (S.D.N.Y. 2003)..8

Newman & Schwartz v. Asplundh Tree Expert Co., Inc., 102 F.3d 660 (2nd Cir. 1996)........2,11

Palazetti Import/Export, Inc. v. Morson, 2001 WL 1568317 (S.D.N.Y. 2001)......................5

Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481 (2nd Cir. 1998)...................4

Ryan v. Dow Chemical Company, 781 F.Supp. 902 (E.D.N.Y. 1991)...............................6

Tecnoclima v. PJC Group of New York, Inc., 1991 WL 33357 (S.D.N.Y. 1991)....................4

U2 Home Entertainment, Inc., v. Lai Ying Music & Video Trading, Inc., 2005 WL 1231645 (not reported in F.Supp.2d) (S.D.N.Y. 2005, Cote, J., May 25, 2005)............................................7

U2 Home Entertainment, Inc. v. Wei Ping Yuan, Slip Copy, 2007 WL 2274525 (2nd Cir. 2007) (Summary Order)........................................................................................8

United States v. Norton, 640 F.Supp. 1257 (D.Colo. 1986)..........................................5

Willgerodt v. Hohri, 953 F.Supp. 557 (S.D.N.Y.), (citations omitted), aff'd, 159 F.3d 1347 (2nd Cir. 1998)..................................................................................................4

## **STATUTES**

Fed. R. Civ. P. 12(b)..............................................................................................2

Fed. R. Civ. P. 12(b)(6).........................................................................................2

New York Uniform Commercial Code § 2-719(b)................................................5

17 U.S.C. §204(a)...........................................................................................9,10,11

28 U.S.C. §1651(a) (All-Writs Act)....................................................................5,6

**PRELIMINARY STATEMENT**

Plaintiff, EVART ENTERPRISES, INC., ("Evart") respectfully submits this Memorandum of Law in opposition to the motion of Defendants GENTLEMEN'S VIDEO, INC., MICHAEL ESPOSITO, individually and in his corporate capacity, and SCOTT ESPOSITO, individually and in his corporate capacity (Defendants are sometimes hereinafter collectively referred to as "Gents") to dismiss Evart's First Amended Complaint (the "Amended Complaint"), or to stay Evart's action.

The history of this action and of a prior action (the "Prior Action") between these same parties, and the details of the settlement of the Prior Action, are set forth in the Declaration of H. Nicholas Goodman, Esq., (the "Goodman Declaration") submitted herewith. This Court is respectfully referred to same and that history will not be repeated at length. All references herein to exhibits refer to the exhibits annexed to the Goodman Declaration unless otherwise indicated.

**ARGUMENT**

I. Gents' Motion Has No Statutory Or Other Legal Basis

At the outset, although Gents' motion is styled as a motion to dismiss, Gents' Notice of Motion does not identify any statutory authority, stating only that this Court should dismiss or stay Evart's action "in the exercise of the Court's retained jurisdiction and discretion pursuant to paragraph 4 of the Consent Order and Permanent Injunction…" that was entered in the Prior action. Gents' Memorandum of Law submitted in support herein is equally devoid of a reference to statutory authority and contains no discussion of the standard by which this Court should evaluate the motion.

No responsive pleading having been served, one would normally expect a motion to dismiss to be brought pursuant to F.R.C.P. 12(b). Were this Court to analyze Gents' motion pursuant to F.R.C.P. 12(b)(6), this Court would of course be obliged to deem all of the allegations of Evart's Amended Complaint to be true and to read the Amended Complaint in the light most favorable to Evart. Newman & Schwartz v. Asplundh Tree Expert Co., Inc., 102 F.3d 660 (2nd Cir. 1996). Just this year, in Bell Atlantic Corp. v. Twombly, 550 U.S.___, 127 S.Ct. 1955, 167 L.Ed. 929 (2007), the U.S. Supreme Court phrased the inquiry on a F.R.C.P. 12(b)(6) motion as whether a plaintiff pleads "enough facts to state a claim to relief that is plausible on its face."

Evart's Amended Complaint easily meets this standard by pleading viable causes of action, including causes of action for copyright infringement.[1] It need hardly be said that the Copyright Act establishes certain rights in copyright and protects the owners of those rights, providing them with various remedies against those who violate those rights. As set forth in the Amended Complaint, Evart owns rights protected under the Copyright Act in two motion pictures, rights that Gents violated. *See,* Exhibit "D." As such, there can be no doubt that Evart is entitled to pursue its remedies under the Copyright Act.

Gents' failure to identify a statutory basis or any other legal authority for its motion to dismiss speaks to the lack of authority and foundation for the drastic relief Gents requests.

---

[1] Indeed, Gents' counsel recognizes that the Amended Complaint is adequately pleaded. Rudofsky Declaration, Exhibit "H," Part 1. p.10.

2

II. Evart Did Not Agree To Limit Its Remedies

If Gents meant to argue that Evart agreed to limit its potential remedies against Gents, Gents was bound to identify the written agreement by which Evart supposedly bargained away its significant rights. However, the only agreement entered between Evart and Gents is the Settlement Agreement that included the Permanent Injunction. As this Court can plainly see, those documents contain no language whatsoever even hinting at a limitation of Evart's right to pursue Gents for future infringements or the remedies available to Evart. And even were it proper for this Court to consider the settlement amount in this regard, Gents' total payment of $75,000.00 was not remotely adequate consideration for both a discontinuance of the Prior Action *and* a limitation of remedy for all future infringements Gents might commit.

Thus Gents' motion amounts to nothing more than an impermissible – and arguably frivolous – attempt to renegotiate the Settlement Agreement. This is clear from the Affidavit from Michael Esposito ("Esposito") upon which Gents relies almost completely. Therein, Esposito offer little more than self-serving conclusions as to what he "believed" Gents bargained for, and what he "intended" or "expected" the Settlement Agreement to mean. This Court should note that Gents' Memorandum of Law herein repeats the Esposito Affidavit almost verbatim.

The Settlement Agreement cannot be renegotiated in the guise of a motion to dismiss. By its terms, the Settlement Agreement is governed by, and must be construed in accordance with, New York law. Exhibit "B," Paragraph "13." Under New York law "[a] settlement agreement is a contract, and once entered is binding and conclusive." Janneh v. GAF Corp., 887 F.2d 432, 436 (2nd Cir. 1989) and must be construed

3

"according to general principles of contract law." *See,* Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481, 484 (2nd Cir. 1998). If a contract is unambiguous, a court is "required to give effect to the contract as written and may not consider extrinsic evidence to alter or interpret its meaning." Consarc Corp. v. Marine Midland Bank, N.A., 996 F.2d 568, 573 (2nd Cir. 1993).

Accordingly, "[a]fterthought and change of mind are not sufficient to justify rejecting a settlement." Willgerodt v. Hohri, 953 F.Supp. 557, 560 (S.D.N.Y. 1997), (citations omitted), aff'd, 159 F.3d 1347 (2nd Cir. 1998). This is especially true when a contract contains a merger clause: "[a]bsent an allegation of fraud, the presence of an integration or merger clause triggers the parol evidence rule in New York." Holloway v. King, 361 F.Supp.2d 351, 358 (S.D.N.Y. 2005); *see also,* Tecnoclima v. PJC Group of New York, Inc., 1991 WL 33357, *4 (S.D.N.Y. 1991).

Here, the Settlement Agreement contains *two* merger clauses, yet still Gents asks this Court to consider the rank parol evidence offered by Esposito. Esposito's conjecture constitutes just the sort of "afterthought" and "change of mind" thoroughly rejected by New York law.

Even more troubling is Gents' notion that by issuing the Permanent Injunction and retaining jurisdiction over the settlement of the Prior Action, which created a potential contempt remedy for Evart, this Court somehow removed Evart's rights to pursue all other available remedies. Gents misses the point that the remedy of contempt was created *in addition to* Evart's already existing remedies, including those available under the Copyright Act. Gents does not – and cannot – point to any language in this Court's Permanent Injunction that remotely supports the notion that this Court meant to

limit Evart's remedies to contempt. In the absence of any indication that the parties or this Court intended the limitation Gents requests, Gents is left with offering selective quotes of Magistrate Eaton's speculations as to what Your Honor could theoretically decide on this motion.

As stated in Palazetti Import/Export, Inc. v. Morson, 2001 WL 1568317, *9 (S.D.N.Y. 2001), "[u]nder New York law, contractual remedies are deemed to be nonexclusive absent some indication of contrary intent." *See,* In re Hale Desk Co., 97 F.2d 372, 373 (2d Cir.1938)(where a contractual provision did not on its face purport to be exclusive, the court refused to make it so by construction); *see also,* New York Uniform Commercial Code § 2-719(b) (resort to a remedy is "optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy").

Here, contempt was not even an expressly agreed upon contractual remedy – it was created as a by-product of the Permanent Injunction. But again, neither the Settlement Agreement nor the Permanent Injunction provides any indication whatsoever that the remedy of contempt was intended to become Evart's exclusive remedy for future infringements by Gents.

Thus Gents' conclusion that this Court "has ample jurisdiction to dismiss or stay" Evart's action under either the "retained jurisdiction" clause of the Permanent Injunction or the All-Writs Act, 28 U.S.C. §1651 is as perplexing as it is baseless. This Court's jurisdiction is not in question. Nor can Gents properly invoke this Court's "discretion" to dismiss a complaint.

In support of its muddled invocation of this Court's powers, Gents cites to only two cases. In, United States v. Norton, 640 F.Supp. 1257 (D.Colo. 1986) in which the

government prosecuted defendant Norton in the District Court, then sought to commence an administrative proceeding against him. Defendant moved to enjoin the administrative proceeding. The court's discussion of the doctrine of primary jurisdiction came in the context of the court's consideration of its power to enjoin the administrative proceeding after the government has already elected to proceed with a criminal prosecution in the District Court. The Norton case did not involve a prior settlement agreement or injunction. Accordingly, it has no application to the case at bar.

Gents next cites to and, without any discussion at all, quotes at great length from Ryan v. Dow Chemical Company, 781 F.Supp. 902 (E.D.N.Y. 1991). That case is one of the numerous decisions handed down in the Agent Orange Litigation long pending in the Eastern District. Before the Ryan court was a motion to remand to a state court in Texas actions commenced by certain Agent Orange class members. The moving plaintiffs argued that the Eastern District lacked subject matter jurisdiction over their actions.

Judge Weinstein held, *inter alia,* that a federal court generally retains jurisdiction to enforce settlements and to determine challenges to them when the cases resulting in those settlements were originally filed in that federal court. Judge Weinstein noted that that general rule was especially applicable to the situation before him since remanding the actions at issue would affect the previous settlement, specifically by reducing the funds available to the class. Id., at 915.

Judge Weinstein also found that the All Writs Act, 28 U.S.C. §1651(a) authorizes federal courts to exercise jurisdiction over individuals who might frustrate a federal court order or the proper implementation of justice, and permitted the removal of state court actions where statutory removal authority might be absent. Id., at 918.

6

How the Ryan court's holdings concerning retained jurisdiction and the All Writs Acts inform Gents' motion herein is a mystery. Gents purports to base its motion on the retained jurisdiction clause of the Permanent Injunction. Nothing in the passages quoted from Ryan, or any other part of that opinion, supports Gents' problematic proposition that a provision by which a court retains jurisdiction over a settlement agreement eliminates a settling party's right to pursue legal and equitable remedies otherwise available.[2] At the risk of repetition, Evart seeks only to pursue a plenary action against Gents for copyright infringements, infringements that were not at issue in the Prior Action.

While the two cases cited by Gents do not remotely support Gents' position herein, Your Honor's recent opinion in U2 Home Entertainment, Inc. v. Lai Ying Music & Video Trading, Inc., 2005 WL 1231645 (not reported in F. Supp. 2d) (S.D.N.Y. 2005, Cote, J., May 25, 2005) is most instructive. There, plaintiff U2 had previously sued the defendants for copyright infringement and subsequently settled with them. U2's settlement agreement with defendant Lai Ying contained a consent injunction executed by this Court enjoining Lai Ying from infringing U2's exclusive rights in motion pictures "including, *but not limited to*, those identified in ...the Complaint" (Id., at p. 1 (emphasis supplied)), an injunction equivalent in all relevant respects to the Permanent Injunction herein. Further, the injunction in U2 contained language retaining this Court's jurisdiction in language that is *identical* to the language by which this Court retained jurisdiction herein.

---

[2] Parties settling federal actions commonly provide for a District Court's retained jurisdiction since breaches of settlement agreements "standing alone are properly questions for state rather than federal courts." Document Technologies, Inc. v. Willsea, 1999 WL 147730, *2, fn. 5. (S.D.N.Y. 2003)

7

U2 subsequently commenced a second action alleging, *inter alia,* copyright infringement of motion pictures not identified in the original Complaint. Not only did Your Honor not limit U2's remedies to contempt, Your Honor allowed U2 to pursue extensive discovery typical of a fully litigated copyright infringement action. Ultimately, Your Honor granted U2 summary judgment on its copyright claims, went on to find that Lai Ying's infringements were willful and awarded maximum statutory damages of $150,000.00 per infringing motion picture. Your Honor also found that by its acts of infringement Lai Ying had violated the permanent injunction and found Lai Ying in contempt.

The Second Circuit affirmed all of Your Honor's holdings and awards except the amount of the civil contempt fine. U2 Home Entertainment, Inc. v. Wei Ping Yuan and Lai Ying Music & Video Trading, Inc., Slip Copy 2007 WL 2274525 (2d Cir. 2007) (Summary Order). A copy of that Summary Order is annexed hereto as Exhibit "1."

It would be hard to imagine a case more instructive herein than U2 v. Lai Ying. Neither Your Honor nor the Second Circuit interpreted this Court's retained jurisdiction to limit U2's remedies to contempt. Your Honor analyzed the elements of copyright infringement and, separately, the elements of contempt. This duel analysis is not unusual. *See, e.g.,* Document Technologies v. Willsea, *supra,* (rejecting the argument that the copyright infringement claims there were identical to contract claims alleging breach of a prior settlement agreement); Moyna LLC v. Victoria's Secret Direct New York LLC, 2003 WL 21983032 (S.D.N.Y. 2003) (allowing separate claims for copyright infringement and breach of settlement agreement to proceed together; the copyright claim

8

alleged infringement of the same copyrighted design that had been the subject of the underlying action that resulted in the settlement agreement).

The fact that a party moving for contempt must meet a burden of proof different from that required for a finding of copyright infringement underscores the fact that contempt proceedings and remedies are distinct from other proceedings and remedies. It should go without saying that the proceedings and remedies available under this Court's contempt powers and those available under statutory schemes such as the Copyright Act are not mutually exclusive.

Here, Evart, like the plaintiff in U2 v. Lai Ying, has chosen to pursue its remedies under the Copyright Act and is fully entitled to do so. This Court should deny Gents' unprecedented motion to dismiss Evart's Amended Complaint outright.

### III. Evart Had Standing To Complain About Gents' Infringements And To Sue On Them

Gents' moving papers raise certain issues concerning Evart's original Complaint and Evart's standing that, although they are not relevant to Gents' motion, require clarification. Gents' moved to dismiss Evart's original complaint, arguing that Evart had not alleged written assignments in keeping with 17 U.S.C. §204(a). Gents now argues that Evart has "established by its own pleading" that Evart had no standing in March 2007 to complain about the infringements at issue, and had no standing to sue on those infringements in June 2007. Gents' Memorandum of Law, pp. 3-4. Gents further takes issue with an August 3, 2007, email in which Evart's counsel represented the existence of written contracts conveying the rights at issue.

These arguments reveal Gents' fundamental misunderstanding of the source of the rights owned by Evart. As alleged in the Amended Complaint, Evart acquired those

9

rights through oral transfers in the 1980s from its sister company Distribpix, Inc., who in turn had acquired the rights from the copyright registrants through written contracts in 1981 and 1982. Evart's counsel's email dated August 3, 2007, in pertinent part identified those contracts as the "written contracts by which the two copyrights at issue were acquired from Atlas Films, Inc. and Mature Pictures, Inc." Rudofsky Declaration, Exhibit "G;" *see also,* Exhibit "D," Paragraphs "22" and "34." Obviously those two contracts existed on August 3, 2007, and the email in question clearly referred to them.

As stated, Evart acquired its rights from Distribpix by oral agreement in 1981 and 1982. Both Evart and Distribpix are wholly owned by the same individual. In August 2007, that individual executed two Memoranda of Transfer that memorialized the oral transfers that he made from himself to himself in the 1981 and 1982. Exhibit "D," Paragraphs "25" and "36."

Courts have often recognized the validity of such oral transfers, and further held that the requirements of 17 U.S.C. §204(a) are met by a subsequent written memorandum of the oral transfer. *See, e.g.,* Eden Toys, Inc., v. Florelee Undergarment Co., Inc., 364 F.2d 27, 36 (2nd Cir. 1982). Indeed, in Eden Toys the Second Circuit noted "it would be anomalous to permit a third party infringer to invoke [17 U.S.C. §204(a)] against the licensee." Id., at 364 F.2d 36.

Unfortunately, Gents' counsel seems to believe that Evart's rights derived from the Memoranda of Transfer and that Evart's counsel's email referred to documents not yet executed. He is simply wrong and his insinuations about Evart's counsel with respect to that email are inappropriate at best. His conclusion "beyond peradventure" that Evart

had no standing to complain about Gents' infringements in March 2007 and no standing to sue on them in June 2007 is seriously misguided.

On a separate note, contrary to Gents' apparent belief, had this Court heard Gents' first motion to dismiss it likely would have been denied. This Court would have been obliged to view Evart's original complaint in the light most favorable to Evart and would have accepted the allegations therein as true. Newman & Schwartz v. Asplundh Tree Expert Co., Inc., *supra;* Bell Atlantic Corp. v. Twombly, *supra*. Moreover, the lack of an allegation that a transfer was in writing is not fatal to a complaint for copyright infringement. Iconbazaar, L.L.C. v. America Online, Inc., 308 F.Supp.2d 630, 635 (M.D.N.C. 2004)("while an allegation of a written assignment would have been the more thorough way to allege standing in compliance with 17 U.S.C. §204(a), mere allegation of 'assignment' sufficiently gave notice of claim").

Evart chose to serve an Amended Complaint to expedite matters. Thus, contrary to the image Gents would like to convey about itself, it has been Gents that has delayed and compounded this action, most recently by bringing this baseless motion.

## CONCLUSION

For all the reasons stated above, and in the Declaration of H. Nicholas Goodman, Esq. submitted herewith, this Court should issue an Order denying Defendants' motion outright and granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       November 13, 2007

                                        S/ H. Nicholas Goodman
                                        H. NICHOLAS GOODMAN (HG7446)