UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

EVART ENTERPRISES, INC.,                :

                Plaintiff,         :        07 Civ. 5441 (DLC) (DLE)

    - against -                              :        **REPLY DECLARATION**

GENTLEMEN'S VIDEO, INC., et al.,        :

                Defendants.       :

-----------------------------------------------------------X

      **EDWARD S. RUDOFSKY** hereby declares the following:

      1.    I am a member of Zane and Rudofsky, attorneys for defendants; am fully familiar with the facts and circumstances herein; and submit this declaration (a) in reply to the declaration of H. Nicholas Goodman, Esq., in opposition to the motion of defendants to dismiss or stay this action, and (b) in further support of said motion.

      2.    The assertion that the motion "has no basis in law or fact" [Goodman Decl., ¶ 2] is plainly wrong. Aside from the facts recited and legal authorities cited in the moving papers, the Magistrate Judge plainly thought this motion was not only appropriate, but stayed all discovery in this action pending

determination, which His Honor plainly would not have done unless he concluded that there was sufficient merit to warrant that relief.

3. Paragraphs 3, 4, 5, and 6 recite undisputed historical facts and require no reply.

4. Paragraphs 7, 8, 9 and 10 seek to counter, without legal or evidentiary support, the assertion in ¶ 8 of defendant Michael Esposito's moving declaration (misidentified as an "affidavit"), that the prior $75,000 settlement was "'way beyond' what Evart could have recovered." [Goodman Decl. ¶ 7] In making this *ipse dixit* argument, plaintiff (a) subtly changes what defendant Esposito actually said in his declaration, and (b) ignores the actual argument being made by plaintiff.

5. What defendant Esposito actually said was:

> In entering into the Settlement Agreement and Permanent Injunction, it was defendants' understanding that we were "buying peace" with plaintiff. We agreed to pay a significant sum of money ($75,000.00), way beyond the damages we believed plaintiff incurred or could have recovered, in order to both avoid expensive litigation and to establish a framework within which any further claims by plaintiff would be subject to summary review by the Court. [Esposito Decl., ¶ 8]

6. The language ignored by plaintiff is "we believed." This question being addressed in this section of the Esposito declaration is defendants' reasons for settling the prior action, not plaintiff's state of mind as to its possible recovery.

2

7.  Plaintiff does not contest defendants' reasons for settling the previous action. Indeed, plaintiffs' argument, that it could have proceeded against defendants' customers - - thereby doing even more economic damage to defendants regardless of the ultimate merits of plaintiff's claims or amount of recovery - - only serves to underscore the reason why defendants were motivated, in the earlier settlement, to "buy peace."

8.  Moreover, the simple fact of the matter is that no one is really sure what a Federal Court will award for the unauthorized use of a scene originally published as part of a copyrighted film. Assuming not held *de minimus*,[1] the Copyright Act provides two alternate standards for the recovery of damages: "the actual damages suffered by [the copyright owner] as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages" [17 U.S.C. § 504(b)]; and statutory damages [17 U.S.C. § 504(c)].

9.  Plaintiff never made any showing, at any time of actual damages.

---

[1] To be actionable, an alleged infringement must be "more than *de minimus*." <u>Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.</u>, 338 F.3d 127 (2nd Cir. 2003). Whether the copying of a scene is de minimus or not must be determined on a case-by-case basis.

10. Statutory damages are either "a sum of not less than $750 or more than $30,000 as the court considers just [17 U.C.C. § 504(c)(1)] or "between $200 per infringement, "[i]n a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement," and up to $150,000 per infringement, in the exercise of the Court's discretion, "[i]n a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully." [17 U.S.C. § 504(c)(2)]

11. In the prior action, plaintiff alleged willful infringement and defendants, had the action not settled, would have asserted that Gent's was not aware and had no reason to believe that its acts constituted an infringement. Thus, assuming, *arguendo,* that the alleged infringements were actionable, damages might have been as low as $200 per alleged infringement ($400).

12. The cases are legion stating the general principle, recently and succinctly summarized by Magistrate Judge Levy, in <u>Raj Films (USA) Inc. v. Movie Time Video USA, Inc.</u>, 2007 WL 2572109 (E.D.N.Y. Civil Action No. 04 CV 5107(JG)(RML); July 26, 2007), that "the court has wide discretion to award any just remedy" within the statutory parameters. Thus, in the early stages of the first action, when the settlement was being negotiated in January 2006, it was by

no means "certain" in what amount, if any, plaintiff would recover judgment and the statement presently challenged by plaintiff must be understood in that context.

13.     The self-serving gloss plaintiff seeks to put on the events leading up to commencement of this second action (now sought to be dismissed or stay) [Goodman Decl., ¶¶ 11, 12, 13 and 14] really do not comport with the facts. For example, at the time plaintiff stubbornly pushed ahead and filed this second action, an application by declarant for a settlement conference was pending. Accordingly, it is inaccurate in the extreme for plaintiff to conclude that "all attempts at an amicable settlement were failing." [Goodman Decl., ¶14] To the contrary, it was plaintiff who - - would not give either defendants or the Court an opportunity to come to such a resolution, and who instead filed its second action without waiting for a response from the Court to the conference request.   See moving declaration of Edward S. Rudofsky at ¶¶ 4-7.

14.     Plaintiff next attempts to defend its commencement of this action prior to acquiring the rights to the allegedly infringed-upon works in writing. [Goodman Decl., ¶¶ 16, 17 and 18]  However, *res ipsa loquitur* - - the thing speaks for itself.  Defendants' previous motion to dismiss was not "ill-conceived." Rather it was right on target, as was tacitly conceded by the subsequent amendment of plaintiff's complaint to cure the plain pleading deficiency on which

5

the first motion was based. Moreover, plaintiff does not deny that (contrary to counsel's email of August 3, 2007), it did not acquire the rights sued upon, in writing, until August 23, 2007 - - the day it amended its complaint.

15. Plaintiff's assertion, in passing, that it nonetheless previously acquired the rights "orally" [Goodman Decl. ¶ 18] is a non-sequitur and a key point which should not be lightly glossed over. It cannot be gainsaid that plaintiff had no standing to enforce any infringement claim prior to August 23, 2007, the date upon which it acquired the rights in writing. *See* Defendants' Memorandum of Law dated October 12, 2007, filed in support of the prior motion to dismiss.

16. Plaintiff's analysis of the September 11, 2007 conference with Magistrate Judge Eaton [Goodman Decl., ¶¶ 19, 20, 21 and 22] requires little by way of reply. Declarant disagrees with plaintiff's recitation in only two respects.

17. First, declarant emailed a settlement proposal to plaintiff's counsel on the Friday prior to the Tuesday conference. However, upon arriving at Court, counsel advised declarant that he had not seen the email. The offer was then verbally made to counsel, who rejected it. Plaintiff's counsel acknowledged on the record that an offer had been made. [Exhibit H, p. 4]

18. Second, the comments of the Magistrate Judge at the conference must be read in the context of his stay of discovery over plaintiff's objections,

which plaintiff completely omits mentioning. It would have been one thing for the Magistrate Judge to have commented that this Court might or might not grant relief, but to have directed the parties to move ahead with discovery. It is quite another for the Magistrate Judge (as he did) to not only acknowledge the various grounds on which defendants may be entitled to relief, but to have stayed discovery, implicitly holding defendants have enough of a likelihood of success on this motion to justify such a stay. "Among the factors which inform the analysis of whether to grant a stay of discovery, in the face of a dispositive motion, are the burden of responding to the contemplated discovery, and <u>the strength of the dispositive motion forming the basis for the stay request</u>." <u>OMG Fidelity, Inc. v. Sirius Technologies, Inc.</u>, 239 F.R.D. 300 (N.D.N.Y. 2006).

19. Finally, plaintiff turns to the present motion. [Goodman Decl., ¶¶ 23 – 31] which it terms "baseless."

20. Paragraph 23 is wholly rhetorical and requires no reply.

21. Paragraph 24 asserts, without any analysis whatsoever, that the prior settlement was "patently not adequate consideration". As we have already pointed out, this is plainly not the case. See ¶¶ 8 – 12, supra. But the present assertion does give the Court important insight into plaintiff's greedy state of mind: it obviously wants more than the $75,000 previously agreed upon and is seeking to

prosecute its second action as a way of achieving that goal. The Court should not permit itself to be used as an accomplice to plaintiff's scheme.

22.     Plaintiff's counsel devotes the bulk of his argument (¶¶ 25 through 30) to establishing the uncontested, i.e., that the Settlement Agreement and Permanent Injunction do not expressly limit plaintiff's remedies to a motion for contempt in the event of future infringements, and to trying to minimize the importance of the Court's retention of jurisdiction (Permanent Injunction, ¶ 4) "to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and/or enforce the provisions of" the Permanent Injunction.

23.     However, notwithstanding plaintiff's counsel's circumlocutions, it was clearly reasonable for defendants to believe that any claim of further infringement, particularly claims involving the same "Golden Age of Porn" film library and made within weeks of the settlement, would be summarily addressed to this Court not be transmogrified into grounds for a second plenary suit.

24.     Indeed, plaintiff's counsel's letter of March 29, 2007, is consistent with defendants' understanding. In that letter, counsel, asserting the very alleged "infringements" which are the subject of the second suit, threatened to seek to hold defendants in contempt - - not to bring a second action. It was only later, after

declarant's response of April 26, 2007, had blunted plaintiff's claims, made it clear that there was no contempt, and suggested conferring with the Court over any remaining disagreements over how to "police" the prior settlement, that plaintiff disingenuously and hurriedly commenced the second action - - so hurriedly, in fact, that it neglected to obtain written assignments of the rights to the allegedly infringed upon scenes and, therefore, had no standing to bring the action until months later.

25. Finally, plaintiff complains that defendant's motion will serve "only to delay this case and to increase attorney fees." Plainly we disagree and, it would appear, so does the Magistrate Judge. It would have been far more efficient to resolve the dispute between the parties prior to the commencement of this second action, through the medium of the conference we requested when the present claims were first made. It would still be far more efficient to resolve them in the context of summary proceeding (even with an evidentiary hearing) than in a plenary lawsuit. And, assuming one is called for, the Court would certainly have more discretion to fashion an appropriate remedy in a contempt proceeding than it would in an infringement suit.

26. The party which has thus far unreasonably multiplied the proceedings is plaintiff, not defendants. It was plaintiff which opposed an

immediate conference with the Court when one was clearly called for. It was plaintiff which commenced a second suit, without standing, when one was clearly not appropriate. And it is plaintiff which now opposes dismissal or stay of that second suit. As stated above, *res ipsa loquitur* - - the thing speaks for itself.

27.   I hereby declare the foregoing to be true and correct under the penalty of perjury.

WHEREFORE, declarant urges the Court to grant defendant's motion to dismiss or stay this action, together with such other, further or different relief as is just, necessary and proper.

Executed at New York, New York
on the 20th day of November, 2007.

_____
Edward S. Rudofsky (ER-9037)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

EVART ENTERPRISES, INC., :

                    Plaintiff, :     Docket No. 07 CV 5441
                                             (DLC) (DFE)
  - against - :

GENTLEMEN'S VIDEO, INC., et al., : **PROOF OF SERVICE**

                    Defendants. :

------------------------------------------------------------X

    DEBRA M. UGO, hereby declares under the penalty of perjury that:

    1.    On the 20th day of November, 2007, I served the within Reply Declaration of Edward S. Rudofsky upon H. Nicholas Goodman, Esq., via e-mail at his e-mail address listed in paragraph 2 below.

    2.    On the 20th day of November, 2007, I served the within Reply Declaration of Edward S. Rudofsky upon H. Nicholas Goodman, Esq., via first-class mail at the following address:

                H. Nicholas Goodman, Esq.
                QUIRK AND BAKALOR, P.C.
                *Attorneys for Plaintiff*
                845 Third Avenue
                New York, NY 10022-6601
                ngoodman@quirkbakalor.com

by depositing a true and accurate copy of same in a postage prepaid, properly addressed,

sealed wrapper in a mail depository under the exclusive care and custody of the United States Postal Service.

Dated:  New York, New York
        November 20, 2007

                                                   _____
                                                       Debra M. Ugo

Sworn to before me this
20th day of November, 2007

_____
Notary Public

DIANE YODICE
NOTARY PUBLIC, STATE OF NEW YORK
No. 01YO4630357
QUALIFIED IN QUEENS COUNTY
CERTIFICATE FILED IN NEW YORK COUNTY
MY COMM. EXP. 12-31-2010

2