UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

EVART ENTERPRISES, INC.,                              :

                              Plaintiff,       :   Docket No. 07 CV 5441
                                                      (DLC) (DFE)

   - against -                                         :

GENTLEMEN'S VIDEO, INC., et al.,                :

                              Defendants.   :

---------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANTS' MOTION TO DISMISS OR STAY ACTION</u>**

This memorandum of law is submitted on behalf of defendants, Gentlemen's Video, Inc., Michael Esposito and Scott Esposito, (a) in reply to the plaintiff's memorandum of law in opposition to defendants' motion for an Order dismissing or staying the above-captioned action in the exercise of the Court's retained jurisdiction and discretion pursuant to paragraph 4 of the Permanent Judgment and Permanent Injunction ("Permanent Injunction") entered in <u>Evart Enterprises, Inc. v. Gentlemen's Video, Inc.</u>, Docket No. 06 CV 13207 (DLC) (DFE) ("Prior Action"), and granting defendants such other, further and different

relief as is just, necessary and proper, and (b) in further support of the said motion..

### Reply Argument

For all intents and purposes, plaintiff has briefed three non-issues.

First, plaintiff argues that dismissal of this action does not lie under F.R.Civ.P. 12(b)(6). [Pl. Point I] However, defendants have moved to dismiss or stay this action under the retained and inherent power of the Court, <u>not</u> for failure to state a claim for which relief can be granted. Accordingly, the first of plaintiff's arguments is completely off-point.

Second, plaintiff argues, with elaborate case citation, that "Evart Did Not Agree To Limit Its Remedies." [Pl. Point II] However, defendants have not claimed that Evart waived the legal right to bring a second suit, nor that a second suit might not be justified in other circumstances. *See, e.g.,* <u>U2 Home Entertainment Inc. v. Yuan</u>, 2005 WL 1231645 (S.D.N.Y., May 25, 2005) (Cote, D.J.), *aff'd* 2007 WL 2274525 (2nd Cir. April 9, 2007). Rather, defendants have invoked the discretionary retained and inherent power of the Court to implement the prior settlement, police compliance with the Permanent Injunction, and avoid clogging the Court's docket with a plainly unnecessary and, in the circumstances, highly inequitable second action. Accordingly, the second of plaintiff's argument

is, likewise, off-target: it establishes a proposition not in issue and fails to come to grips with the proposed invocation of discretionary power.

In the course of this second argument, plaintiff addresses the retained and inherent power of the Court case law cited by defendants in support of their original argument.

Plaintiff's attempts to distinguish United States v. Norton, 640 F.Supp. 1257 (D. Colo. 1986), and Ryan v. Dow Chemical Co., 781 F.Supp. 902 (E.D.N.Y. 1991), are unavailing. Defendants obviously rely on these cases for the general legal principles for which they are cited, and as examples of the exercise of the Court's power, not because of any particular analogy between the facts of those cases and the facts at bar. (Clearly there is none.) Significantly, despite their attempt at factual distinction, plaintiffs do so dispute the essential fact that in both cases the Court exercise the power which defendants seek to invoke at bar.

On the other hand, plaintiff's reliance on U2 Home Entertainment Inc. v. Yuan, *supra,* is inexplicable. There is no hint in either this or the Circuit Court's opinions of any objection being raised in that case to the plaintiff proceeding by way of a second action. Thus the issue of multiple suits was simply not before the Court and not the subject of discussion, much less decision.

Moreover, the second U2 action was filed three years after the first action, not scant months after the first action was immediately settled upon filing, as

occurred at bar. And there is no hint in U2 of the sort of good faith compliance which was obviously undertaken in the action at bar, nor the refusal of the plaintiff to even conference the matter before rushing to file a second complaint.

The third of plaintiff's arguments, that it had standing to complain about the alleged infringements and on them, addresses another non-issue. Plaintiff seeks to litigate, after the fact, the bona fides of its initial complaint - - an issue not presently before the Court and which was mooted by its service of an amended complaint on August 23, 2005, including an allegation and proof of a written transfer of rights. We do not question that the August 23, 2005 written assignment of rights conferred standing on plaintiff to then prosecute this action.

What we have urged, however - - and what plaintiff does not and cannot deny - - is that until plaintiff belatedly obtained this written memorandum, it lacked standing as a matter of law for the reasons advanced on the prior motion, to which the Court is respectfully referred. Thus, plaintiff may have mooted defendants' standing argument by obtaining the August 23rd written assignment of rights, but it (plaintiff) did not standing to sue when it issued it March 29th letter, nor when it filed its original complaint on June 7th.

These simple, clear facts are matters which we continue to believe the Court should take into account in exercising its discretion to stay or dismiss this action in the exercise of its retained and inherent power.

## Conclusion

For all of the reasons set forth in the moving and reply papers, the Court should exercise its "retained jurisdiction" and/or its discretionary power under the All Writs Act to stay or dismiss this action and direct plaintiff to raise any claim of violation of the Permanent Injunction by appropriate application in the Prior Action.

**WHEREFORE,** the undersigned urges the Court to grant the motion to dismiss or stay this action, together with such other, further and different relief as is just, necessary and proper.

Dated:    New York, New York
          November 20, 2007

>                       Yours, etc.,
>
>                       **ZANE and RUDOFSKY**
>                       *Attorneys for Defendants*
>                          The Starrett Lehigh Building
>                          601 West 26th Street, # 1111
>                          New York, NY  10001
>                          (212) 245-2222
>
>                       By: _____
>                           Edward S. Rudofsky (ER-9037)

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

EVART ENTERPRISES, INC.,                         :

                 Plaintiff,                      :        Docket No. 07 CV 5441
                                                   (DLC) (DFE)

    - against -                                           :

GENTLEMEN'S VIDEO, INC., et al.,            :        **PROOF OF SERVICE**

                Defendants.               :

------------------------------------------------------------X

DEBRA M. UGO, hereby declares under the penalty of perjury that:

1. On the 20th day of November, 2007, I served the within Reply Memorandum of Law in Support of Defendants' Motion to Dismiss or Stay Action upon H. Nicholas Goodman, Esq., via e-mail at his e-mail address listed in paragraph 2 below.

2. On the 20th day of November, 2007, I served the within Reply Memorandum of Law in Support of Defendants' Motion to Dismiss or Stay Action upon H. Nicholas Goodman, Esq., via first-class mail at the following address:

        H. Nicholas Goodman, Esq.
        QUIRK AND BAKALOR, P.C.
        *Attorneys for Plaintiff*
        845 Third Avenue
        New York, NY 10022-6601
        ngoodman@quirkbakalor.com

by depositing a true and accurate copy of same in a postage prepaid, properly addressed,

sealed wrapper in a mail depository under the exclusive care and custody of the United States Postal Service.

Dated:  New York, New York
        November 20, 2007

_____<br>Debra M. Ugo

Sworn to before me this
20th day of November, 2007

_____
Notary Public



DIANE YODICE
NOTARY PUBLIC, STATE OF NEW YORK
No. 01YO4630357
QUALIFIED IN QUEENS COUNTY
CERTIFICATE FILED IN NEW YORK COUNTY
MY COMM. EXP. 12-31-2010

2