UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

EVART ENTERPRISES, INC.,                      :

                           Plaintiff,     :     Docket No. 07 CV 5441
                                                   (DLC) (DFE)

      - against -                                        :

GENTLEMEN'S VIDEO, INC., et al.,              :     **ANSWER**

                       Defendants.       :

------------------------------------------------------------X

      Defendants, GENTLEMEN'S VIDEO, MICHAEL ESPOSITO, and SCOTT ESPOSITO, by their attorneys, Zane and Rudofsky, for their Answer to the allegations of the Amended Complaint of plaintiff, EVART ENTERPRISES, INC., hereby state as follows:

      1.     Admit the allegations of paragraphs 1, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 44, 45, 46, 47, 50, 51, 52, 55, 56, 57, 60, 62, 63, 64, and 68.

      2.     Deny the allegations of paragraph 53, 54, 65, 66, 67, 70, 71, 72, 73, 75, 76, 77, 78, 80, 81, 82, 83, 85, 86, 87, and 88.

      3.     Lack knowledge or information sufficient to admit or deny the truth of the allegations of paragraphs 2, 3, 4, 5, 6, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 35, 36, 37, 38, 39, 40, 41, 48, 49, 58, 59, and 61.

4. Lack knowledge or information sufficient to admit or deny the truth of the allegations of paragraphs 23 and 33, except admit that copies of Certificates of Copyright Registration are annexed to the Complaint as alleged.

5. Admit the allegations of paragraph 42, except lack knowledge or information sufficient to admit or deny the truth of the allegations as to the date and substance of alleged discoveries by plaintiff.

6. Admit the allegations of paragraph 43, except lack knowledge or information sufficient to admit or deny the truth of the allegations of "numerous" warnings over "many" months.

7. In response to paragraph 69, repeat and reallege their responses to the allegations of paragraphs "1" through "68" with the same force and effect as though fully set forth at length.

8. In response to paragraph 74, repeat and reallege their responses to the allegations of paragraphs "1" through "73" with the same force and effect as though fully set forth at length.

9. In response to paragraph 79, repeat and reallege their responses to the allegations of paragraphs "1" through "78" with the same force and effect as though fully set forth at length.

10. In response to paragraph 84, repeat and reallege their responses to the allegations of paragraphs "1" through "83" with the same force and effect as though fully set forth at length.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

11. Master copies of the allegedly infringing works were purchased as finished products from a reputable producer and were understood by defendants, in good faith, to be lawful, non-infringing works.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

12. The rights to the allegedly infringed works were not transferred to plaintiff, in writing, until August 23, 2007.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

13. Upon information and belief, plaintiff acquired the copyright to the allegedly infringed works for the purpose of bringing suit thereon; this action is accordingly barred by the doctrine of champerty.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

14. This action is barred in whole or in part by the settlement of the prior action between the parties, Docket No. 06 CV 13207 (DLC).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

15. Plaintiff has failed to exhaust its remedies under the settlement of the prior action between the parties, Docket No. 06 CV 13207 (DLC).

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

16. Upon information and belief, this action is or may be barred in whole or in part by the settlement of a prior suit between plaintiff or one of its affiliates and Alpha Blue Archives, regarding the use of the Alpha Blue Archives (ABA) "watermark" referred to in the Amended Complaint in this action.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

17. The alleged infringements sued upon in this action are not substantial.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

18. Defendants suspended the sale of the allegedly infringing works immediately upon being notified of the alleged infringements by plaintiff.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

19. The alleged infringements sued upon in this action have not caused plaintiff any substantial damage.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

20. Plaintiff has unclean hands.

**WHEREFORE**, defendants, by their undersigned attorneys, demand judgment dismissing the Amended Complaint herein, together with such other, further and different relief as is just, necessary and proper.

Dated:   New York, New York
         December 28, 2007

                                    Yours, etc.,

                                    **ZANE and RUDOFSKY**
                                    *Attorneys for Defendants*
                                    The Starrett Lehigh Building
                                    601 West 26th Street, # 1111
                                    New York, NY  10001
                                    (212) 245-2222

                                    By: _____
                                        Edward S. Rudofsky (ER-9037)

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

EVART ENTERPRISES, INC.,                      :

                    Plaintiff,           :       Docket No. 07 CV 5441
                                                            (DLC) (DFE)

   - against -                                  :

GENTLEMEN'S VIDEO, INC., et al.,              :       **PROOF OF SERVICE**

                    Defendants.              :

------------------------------------------------------------X

**EDWARD S. RUDOFSKY**, an attorney duly admitted to practice law in the State of New York, hereby affirms the following to be true under the penalty of perjury:

On the 28th day of December, 2007, I served the within Answer upon H. Nicholas Goodman, Esq., Attorney for Plaintiff, (i) via email at his email address, ngoodman@quirkbakalor.com; and (ii) via first class mail at the following address :

        H. Nicholas Goodman, Esq.
        Quirk And Bakalor, P.C.
        *Attorney for Plaintiff*
        845 Third Avenue
        New York, New York 10022
        (212) 319-1000

by depositing a true and accurate copy of same in a postage prepaid, properly addressed, sealed wrapper in a mail depository under the exclusive care and custody of the United States Postal Service.

Dated:   New York, New York
            December 28, 2007

                                                                         */s/ Edward S. Rudofsky*
                                                                           Edward S. Rudofsky