UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

EVART ENTERPRISES, INC.,

                Plaintiff,      : 07 CV 5441 (DLC)(DLE)

  - against -

GENTLEMEN'S VIDEO, INC., et al.,     : STIPULATION

              Defendants.
----------------------------------------------------------------X

    IT IS HEREBY STIPULATED AND AGREED that defendants may file and serve the within Third-Party Complaint against Ed DePriest d/b/a "Ed DePriest Productions"

Dated:    New York, New York
           January 24, 2008

**QUIRK and BALAKOR, P.C.**
*Attorneys for Plaintiff*
845 Third Avenue
New York, New York 10022
(212) 319-1000

By: _____
    H. Nicholas Goodman (HG7446)

**ZANE and RUDOFSKY**
*Attorneys for Defendants*
601 West 26th Street
New York, New York 10001
(212) 245-2222

By: _____
    Edward S. Rudofsky (ER9037)

SO ORDERED:

_____
U.S.M.J.

Dated:    New York, New York
           January 28, 2008

USDC SDNY
DATE SCANNED 1/29/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

EVART ENTERPRISES, INC.,                :

                Plaintiff,    :   Docket No. 07 CV 5441
                                                (DLC) (DFE)

   - against -              :

GENTLEMEN'S VIDEO, INC., et al.,        :

                Defendants and    :
                Third-Party Plaintiffs
                                      :   **THIRD-PARTY COMPLAINT**

   - against -              :

ED DePRIEST d/b/a "ED DePRIEST
PRODUCTIONS",                           :

                Third-Party-Defendant.    :

------------------------------------------------------------X

      As and for a Third-Party Complaint in this action, defendants and third-party plaintiffs, GENTLEMEN'S VIDEO, INC., MICHAEL ESPOSITO, and SCOTT ESPOSITO, by their attorneys, Zane and Rudofsky, hereby allege as follows:

      1.    This action has been commenced by plaintiff, Evart Enterprises, Inc., to recover compensatory damages and other relief against defendants and third-party plaintiffs Gentlemen's Video, Inc., Michael Esposito and Scott Esposito, by reason of the alleged infringement of "A Scent of Heather" and "That Lucky Stiff" ("Allegedly Infringed Works") by inclusion of scenes from the Allegedly Infringed Works in "The



Golden Age of Porn: Veronica Hart" and "The Golden Age of Porn: Samantha Fox" ("Allegedly Infringing Works").

2. Third-party defendant Ed DePriest is an individual who resides in Los Osos, California and does business as "Ed DePriest Productions."

3. Upon information and belief, third-party defendant produced the Allegedly Infringing Works.

4. Third-party plaintiff Gentlemen's Video, Inc. purchased the Allegedly Infringing Works from third-party defendant on or about December 6, 2006.

5. At the time third-party defendant sold the Allegedly Infringing Works to third-party plaintiff Gentlemen's Video, Inc., third-party defendant had a duty to take all steps reasonably necessary to insure that the Allegedly Infringing Works did not infringe on the Allegedly Infringed Works as alleged in the Amended Complaint in this action.

6. At the time third-party defendant sold the Allegedly Infringing Works to third-party plaintiff Gentlemen's Video, Inc., it was foreseeable that third-party plaintiff would be injured and damaged if third-party defendant breached its duty to take all steps reasonably necessary to insure that the Allegedly Infringing Works did not infringe on the Allegedly Infringed Works as alleged in the Amended Complaint in this action, and if, in fact, the Allegedly Infringing Works did infringe on the Allegedly Infringed Work.

7. Upon information and belief, in the event plaintiff's allegations of infringement are proven herein, then third-party defendant breached its said duty and did not take all steps reasonably necessary to insure that the Allegedly Infringing Works did

not infringe on the Allegedly Infringed Works as alleged in the Amended Complaint in this action.

8. In the event plaintiff recovers judgment against defendants and third-party plaintiffs herein, third-party plaintiffs will have suffered loss and been damaged by third-party defendant's said breach of duty in an amount equal to the full amount of any said judgment, plus an amount equal to any loss suffered by third-party plaintiffs on account of any equitable relief granted to plaintiff, plus the legal fees, costs, disbursements and expenses incurred in defending this action.

9. At the time third-party plaintiff Gentlemen's Video, Inc. purchased the Allegedly Infringing Works from third-party defendant, third-party defendant expressly warranted the Allegedly Infringing Works as non-infringing.

10. In the alternative, at the time third-party plaintiff Gentlemen's Video, Inc. purchased the Allegedly Infringing Works from third-party defendant, third-party defendant impliedly warranted the Allegedly Infringing Works as non-infringing.

11. At the time third-party plaintiff Gentlemen's Video, Inc. purchased the Allegedly Infringing Works from third-party defendant, both third-party plaintiff Gentlemen's Video, Inc. and third-party defendant were merchants.

12. At the time third-party plaintiff Gentlemen's Video, Inc. purchased the Allegedly Infringing Works from third-party defendant, third-party defendant knew that third-party plaintiff was purchasing the Allegedly Infringing Works for commercial distribution to others.

13.    At the time third-party plaintiff Gentlemen's Video, Inc. purchased the Allegedly Infringing Works from third-party defendant, third-party defendant impliedly warranted the Allegedly Infringing Works as fit for their intended purpose.

14.    At the time third-party plaintiff Gentlemen's Video, Inc. purchased the Allegedly Infringing Works from third-party defendant, third-party defendant had a duty to inquire whether any portion of the Allegedly Infringing Works infringed on the Allegedly Infringed Works as alleged in the Amended Complaint in this action.

15.    Upon information and belief, third-party defendant failed to inquire whether any portion of the Allegedly Infringing Works infringed on the Allegedly Infringed Works as alleged in the Amended Complaint in this action.

16.    At the time third-party plaintiff Gentlemen's Video, Inc. purchased the Allegedly Infringing Works from third-party defendant, third-party defendant had a duty to disclose to third-party plaintiff the failure of third-party defendant to make inquiry as to whether any portion of the Allegedly Infringing Works infringed on the Allegedly Infringed Works as alleged in the Amended Complaint in this action.

17.    Upon information and belief, third-party defendant failed to to disclose to third-party plaintiff the failure of third-party defendant to make inquiry as to whether any portion of the Allegedly Infringing Works infringed on the Allegedly Infringed Works as alleged in the Amended Complaint in this action.

18.    At the time third-party plaintiff Gentlemen's Video, Inc. purchased the Allegedly Infringing Works from third-party defendant, third-party defendant had a duty

to warn third-party plaintiff if any portion of the Allegedly Infringing Works infringed on the Allegedly Infringed Works as alleged in the Amended Complaint in this action.

19. Upon information and belief, third-party defendant failed to warn third-party plaintiff that any portion of the Allegedly Infringing Works infringed on the Allegedly Infringed Works as alleged in the Amended Complaint in this action.

20. In distributing the Allegedly Infringing Works, third-party plaintiff reasonably relied upon (a) the express and/or implied warranty that the Allegedly Infringing Works were non-infringing, (b) the implied warranty that the Allegedly Infringing Works were fit for their intended purpose, to wit, distribution, (c) the lack of any disclosure of third-party defendant's failure to make any inquiry as to whether any portion of the Allegedly Infringing Works infringed upon the Allegedly Infringed Works, and (d) the lack of any warning by third-party defendant that any portion of the Allegedly Infringing Works infringed upon the Allegedly Infringed Works as alleged in the Amended Complaint in this action.

21. In the event plaintiff recovers against defendants and third-party plaintiffs in this action, on account of the distribution of the Allegedly Infringed Works, as alleged in the Amended Complaint, third-party plaintiffs are entitled to judgment over against third-party defendant in an amount equal to the full amount of any said judgment, plus an amount equal to any loss suffered by third-party plaintiffs on account of any equitable relief granted to plaintiff, together with interest, costs, disbursements, legal fees and expenses to the fullest extent permitted by law.

**WHEREFORE**, third-party plaintiffs, by their undersigned attorneys, demand judgment over against third-party defendant in an amount equal to the full amount of any judgment recovered by plaintiff herein, plus an amount equal to any loss suffered by third-party plaintiffs on account of any equitable relief granted to plaintiff, together with interest, costs, disbursements, legal fees and expenses to the fullest extent permitted by law.

Dated:    New York, New York
          January 24, 2008

> Yours, etc.,
>
> **ZANE and RUDOFSKY**
> *Attorneys for Defendants*
> The Starrett Lehigh Building
> 601 West 26th Street, # 1111
> New York, NY 10001
> (212) 245-2222
>
> By: _____
>     Edward S. Rudofsky (ER-9037)

6