(useS.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EVART ENTERPRISES, INC.,

        Plaintiff,

      -against-

GENTLEMEN'S VIDEO, INC., MICHAEL
ESPOSITO, individually and in his corporate
capacity, and SCOTT ESPOSITO, individually and
in his corporate capacity,

        Defendants.
------------------------------------------------------------x
GENTLEMEN'S VIDEO, INC., MICHAEL
ESPOSITO, individually and in his corporate
capacity, and SCOTT ESPOSITO, individually and
in his corporate capacity,

        Third-Party Plaintiffs,

      -against-

ED DePRIEST d/b/a "ED DePRIEST
PRODUCTIONS,"

        Third-Party Defendant.
------------------------------------------------------------x

07 Civ. 5441
(DLC) (DFE)

STIPULATION
AND ORDER

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/08
```

### STIPULATION AND ORDER FOR THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the requests of the parties for a Confidentiality Order,

**IT IS HEREBY STIPULATED AND AGREED** that certain documents and information produced in this case shall be given confidential treatment as hereinafter provided.

1. <u>Scope, Applicability and Definitions.</u> To the extent either the plaintiff or the defendants produce documents during discovery that contain trade secrets or other confidential and proprietary business information that is not publicly available, such documents shall be clearly marked as "Confidential" at the time production occurs ("Confidential Material"). If a party reasonably believes that the particular material to be produced or disclosed is of such a highly sensitive nature that its disclosure should be limited only to those persons described in Paragraph "2" below, that party shall stamp on or otherwise permanently affix to such material the designation "Confidential – Counsel Only" or words of similar import ("Highly Confidential Material"). Confidential Material and Highly Confidential Material shall not be used by anyone other than the party producing such Confidential Material or Highly Confidential Material, except in the preparation for, trial of, and conduct of other proceedings in this litigation or as otherwise agreed in writing by the parties or as ordered by the Court. Documents and information designated as Confidential Material and Highly Confidential Material shall include (a) all copies, extracts and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; and (d) testimony taken at a hearing or other proceeding that is addressed consistent with Paragraph "7" hereto.

2. <u>Distribution</u>. Except with the prior written consent of the party producing the Highly Confidential Material at issue, or upon the further order of this Court after notice to all affected parties, Highly Confidential Material may not be disclosed to any person except: (a) counsel of record for the respective parties in this litigation; (b) persons directly employed by counsel for the parties; (c) consultants or experts retained or consulted by counsel for the prosecution or defense of this litigation; and (d) the Court, if filed pursuant to Paragraph "4" below.

Except with the prior written consent of the party producing the Confidential Material at issue, or upon further order of this Court after notice to all affected parties, Confidential Material may not be disclosed to any person except; (a) counsel of record for the respective parties to this litigation; (b) persons directly employed by counsel for the parties; (c) consultants or experts retained or consulted by counsel for the prosecution or defense of this litigation; (d) the Court, if filed pursuant to paragraph 4 below; and (e) the parties and officers and current employees of the parties whose knowledge of such information is necessary to enable the parties to prepare for pre-trial proceedings or to try this action, or to engage in appellate proceedings herein.

Except upon further order of the Court, no person receiving Confidential Material or Highly Confidential Material shall disclose any portion of the contents thereof to any person other than those described in this paragraph and for the purposes specified in Paragraph "1" above.

3

3. <u>Written Acknowledgments.</u> Each consultant or expert retained or consulted by counsel for the prosecution or defense of this litigation, as referred to in Paragraph "2" above, to whom Confidential Material or Highly Confidential Material is to be given, shown, made available, or communicated in any way, shall agree in writing to be bound by the terms of this Stipulation and Order by executing the form of agreement attached hereto as Exhibit "A" before said Confidential Material is disclosed to that person. The attorneys for the parties shall maintain a file of such written agreements.

4. <u>Filing Under Seal.</u> Anyone filing Confidential Material or Highly Confidential Material with the Court (including, but not limited to, filing in connection with any motion, hearing or trial) shall file such papers directly with the Court by enclosing them in an envelope or container on the face of which shall be typed or stamped:

### CONFIDENTIAL

This document is filed under seal and unless otherwise ordered by
The United States District Court, Southern District of New York,
Shall not be reproduced for, or shown to persons other than counsel
engaged in <u>Evart Enterprises, Inc., v. Gentleman's Video, Inc., et al.</u>
1:07 cv 5441 (DLC)(DFE).

5. <u>Deposition Procedures.</u> During the course of depositions taken in this action, counsel shall be permitted to designate portions of the testimony and transcript that contain Confidential Material or Highly Confidential Material subject to this Stipulation and Order as "Confidential" or "Confidential – Counsel Only." In addition, all transcripts of depositions taken in connection with this action shall be deemed "Confidential – Counsel Only" in their entireties for ten (10) business days after such transcripts are received by counsel for the witness who was deposed. Before the expiration of such ten-business-day period, counsel for the witness who was deposed shall designate such portions of the deposition transcript, if any, that are deemed to contain

4

Confidential Material or Highly Confidential Material as "Confidential" or "Confidential – Counsel Only." Following the expiration of such ten-business-day period, all portions of the deposition transcript that have not been designated as containing Confidential Material or Highly Confidential Material, either at the deposition itself or in writing afterward, shall be deemed to be outside the scope of this Stipulation and Order.

Nothing set forth herein is intended or shall be deemed or construed to prevent any party from attending any deposition in person or by telephone, except that portion of any deposition during which testimony designated "Confidential – Counsel Only" is elicited.

6. <u>Reserved Arguments.</u> This Stipulation and Order and the parties' submissions relating thereto shall not operate as an admission or determination that any document or information is or is not:

    a) discoverable, or

    b) admissible as evidence.

7. <u>Procedure at Trial.</u> With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of Confidential Material or Highly Confidential Material, counsel may designate on the record prior to such disclosure that the disclosure is "Confidential" or "Confidential – Counsel Only." Whenever Confidential Material or Highly Confidential Material is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may request that the Court exclude from the room any person who is not entitled under this Order to receive Confidential Material or Highly Confidential Material. The Court shall rule upon any such request in accordance with applicable law. Any objection(s) to any such request are hereby reserved.

8. <u>Subpoenas from Non-Parties</u>. In the event any person bound by this Stipulation and Order is served with or receives a subpoena or written demand calling for production of, or testimony relating to, any Confidential Material or Highly Confidential Material obtained from a party herein, including any federal or state agency or authority, prior to responding thereto the person receiving any such subpoena or demand shall promptly serve notice of receipt of same on counsel for the party that produced the Confidential Material or Highly Confidential Material at issue. Such party shall have fifteen (15) days following such service (or such shorter period of time as may be necessitated by the terms of the subpoena or demand) to move the issuing Court or other court of competent jurisdiction for a ruling respecting the necessity of compliance therewith.

9. <u>Conclusion of Litigation: Procedure and Effect</u>. At the conclusion of the above-entitled action, including all appeals, any and all originals or reproductions of any Confidential Material or Highly Confidential Material subject to this Stipulation and Order (with the exception of deposition transcripts, deposition exhibits or documents filed with the Court) shall be returned to the producing party. The provisions of this Stipulation and Order, insofar as they restrict the communication and use of Confidential Material or Highly Confidential Material produced hereunder shall, without written permission of the parties or further order of the Court, continue to be binding after the conclusion of this action.

10. <u>Objections to Designations</u>. If at the time a party objects to the designation of documents or information as "Confidential" or "Confidential – Counsel Only" under this Stipulation and Order, the objecting party shall notify the designating party in writing. The notice shall identify the documents or information in question, and shall specify in reasonable

6

detail the reason for the objection to the designation. The parties shall endeavor to resolve any such objections informally. If no resolution is achieved, the objecting party may move the Court for a ruling on the confidentiality of the documents or information in question. The party seeking to justify the use of the "Confidential" or "Confidential – Counsel Only" designation bears the burden of proof on any such motion.

11. Execution. This Agreement may be executed in counterparts and the parties may file facsimile signatures in lieu of original signatures.

Executed this     day of June, 2008.

QUIRK and BAKALOR, P.C.

By: _____
H. Nicholas Goodman (HG7446)
Attorneys for Plaintiff
EVART ENTERPRISES, INC.
845 Third Avenue
New York, New York 10022
(212) 319-1000

EVART ENTERPRISES, INC.

By: _____
Arthur Morowitz
430 W. 54th Street
New York, New York 10019

ZANE AND RUDOFSKY

By: _____
Edward S. Rudofsky (ER9037)
Attorneys for
GENTLEMEN'S VIDEO, INC.,
MICHAEL ESPOSITO, individually and in his corporate capacity, and SCOTT ESPOSITO, individually and in his corporate capacity,
601 West 26th Street
New York, New York 10001
(212) 245-2222

This stipulation binds the parties to treat as confidential the documents so classified. The Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review. Moreover, the Court does NOT so order ¶ 4 _____, which purports to authorize the parties to file documents under seal without a prior court order.

_____
June 17, 2008

detail the reason for the objection to the designation. The parties shall endeavor to resolve any such objections informally. If no resolution is achieved, the objecting party may move the Court for a ruling on the confidentiality of the documents or information in question. The party seeking to justify the use of the "Confidential" or "Confidential – Counsel Only" designation bears the burden of proof on any such motion.

11. **Execution.** This Agreement may be executed in counterparts and the parties may file facsimile signatures in lieu of original signatures.

Executed this      day of June, 2008.

        QUIRK and BAKALOR, P.C.

        By:_____
          H. Nicholas Goodman (HG7446)
        Attorneys for Plaintiff
        EVART ENTERPRISES, INC.
        845 Third Avenue
        New York, New York 10022
        (212) 319-1000

        EVART ENTERPRISES, INC.

        By:_____
          Arthur Morowitz
        430 W. 54th Street
        New York, New York 10019

        ZANE AND RUDOFSKY

        By:_____
          Edward S. Rudofsky (ER9037)
        Attorneys for
        GENTLEMEN'S VIDEO, INC.,
        MICHAEL ESPOSITO, individually and in his
        corporate capacity, and SCOTT ESPOSITO,
        individually and in his corporate capacity,
        601 West 26th Street
        New York, New York 10001
        (212) 245-2222

GENTLEMEN'S VIDEO, INC.

By: _____
Michael Esposito
21638 Lassen Street
Chatsworth, California 91311

MICHAEL ESPOSITO

_____
Michael Esposito
21638 Lassen Street
Chatsworth, California 91311

SCOTT ESPOSITO

_____
Scott Esposito
21638 Lassen Street
Chatsworth, California 91311

SO ORDERED

this ____ day of June, 2008

_____
Hon. _____, United States District Judge

8